**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0180n.06
Filed: March 13, 2006

**No. 05-5526**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TRAVIS GILES, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE: SUHRHEINRICH, ROGERS, COOK, Circuit Judges.**

**ROGERS, Circuit Judge.** Travis Giles pleaded guilty to possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g). The district court sentenced him to 84 months of imprisonment. Giles now asks this court to vacate his sentence as unreasonable. We affirm.

**I. Background**

In May 2001, a federal grand jury returned an indictment charging Giles with possessing a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and possessing a firearm that was not registered in violation of 26 U.S.C. § 5861(d). Giles later admitted the following facts in the Rule 11 Factual Basis of his plea agreement:

On May 5, 2001, a Monroe County Sheriff's Deputy observed the defendant, Travis Giles, driving a black Mercury Grand Marquis sedan. Knowing that the defendant had outstanding warrants for his arrest, the Deputy attempted to effect a traffic stop of defendant's vehicle by activating his turret lights and siren. Defendant Giles refused to stop and led the Deputies in a six mile high speed chase. The chase ended with defendant Giles causing a vehicle collision and fleeing from the damaged car on foot. Deputies apprehended defendant and recovered one loaded Ceska Zbrojovka .32 caliber semi-automatic pistol from the floor on the driver's side of the car and one loaded Centaure 12-gauge single shot short barreled shotgun from in between the driver's door and seat. . . .

[T]he Centaure 12-gauge short-barreled shotgun, having a barrel length of 15 3/16 inches, was not registered to the defendant in the National Firearms Registration and Transfer Record.

Subsequent to Defendant's arrest, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives . . . determined that the firearms and ammunition had been manufactured outside the state of Tennessee.

Furthermore, a check of defendant's criminal history . . . revealed that defendant has previously been convicted of a crime that was punishable by a term of imprisonment exceeding one year. Specifically, the defendant was convicted of the felony of Burglary on May 20, 1996 in Monroe County Criminal Court.

Giles pleaded guilty to the felon-in-possession count. On March 31, 2005, the district court held a sentencing hearing. The district court noted that the parties had agreed to a total offense level of 21 and a criminal history category of VI, resulting in a Guideline range of 77 to 96 months. The district court then sentenced Giles:

I am concerned, Mr. Giles, about your extensive record, your extensive violent record and your extensive escape efforts from the police. Your are going to have to address your anger and you are going to have to address your addiction. Those are

the biggest problems you have. The other thing you will need to do is to further your education and hopefully learn a trade while you are in prison. . . .

For the record, the Court has considered the nature and circumstances of the offense, the history and the characteristics of the defendant and the advisory guideline range, as well as other factors listed in 18 USC § 3553(a).

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Travis Giles, is hereby committed to the custody of the bureau of prisons for a term of imprisonment of 84 months. . . . This term reflects the upper end of the middle range of the guideline range. It is felt that this sentence will afford adequate deterrence and will provide just punishment.

. . . .

The Court will recommend that you receive five hundred hours of substance abuse treatment from the Bureau of Prisons Institutional Residential Drug Abuse Treatment Program.

The district court also imposed three years of supervised release, during which Giles was required to participate in drug, mental health, and anger-management treatment. Finally, the court imposed a special assessment fee of $100, but it waived the fee after finding that Giles could not pay it.

The district court then asked whether either party had any objections. The United States responded negatively. Giles, through counsel, requested that the court place in the judgment a recommendation that Giles receive mental health treatment while in prison. The court agreed to recommend that Giles be allowed to serve his sentence at the "nearest facility that can address [Giles's] mental and physical needs." Giles had no further objections. Thus, on March 31, 2005, the district court sentenced Giles to a term of imprisonment of 84 months.

## II. Analysis

The 84-month sentence is reasonable because it falls within the agreed-upon Guidelines range and the district court considered the factors listed in 18 U.S.C. § 3553(a). A sentence that falls within the advisory Guidelines range is credited "with a rebuttable presumption of reasonableness." *United States v. Richardson*, No. 05-1260, 2006 WL 318615, at *2 (6th Cir. Feb. 13, 2006) (quoting *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)). The district court's sentence of 84 months was in "the upper end of the middle range of the guideline range," and thus it is entitled to the rebuttable presumption of reasonableness.

Giles fails to rebut this presumption because his argument that "a lesser sentence would have accomplished the goals set out by the sentencing judge" is without merit. Specifically, Giles argues that it will not take 84 months to further his education, learn a trade in prison, and obtain help for his substance abuse and anger problems. What this disregards, however, is that the district court considered additional factors in imposing the sentence.[1] The district court stated that it was concerned about Giles's extensive violent record and escape efforts from the police. The district court thus imposed the sentence to "protect the public from further crimes." § 3553(a)(2)(C).

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes from the defendant, and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (3) the kinds of sentences available. 18 U.S.C. § 3553(a)(1)-(3); *see also* § 3553(a)(4)-(7) (listing other factors).

Moreover, the district court stated that the sentence will afford adequate deterrence, § 3553(a)(2)(B), and will provide just punishment, § 3553(a)(2)(A). That a lesser sentence could accomplish the goals of educational and vocational training and health care does not mean that the sentence could accomplish all of the goals properly considered by the district court.

Giles's two related arguments—that the district court committed procedural error in sentencing—also fail. Giles first argues that, although the district court stated that it had considered all of the factors listed in 18 U.S.C. § 3553(a), it "made no comment about these factors and how [it] felt about them." This argument fails for two reasons. First, we rejected the same argument in *Williams*, holding that, while explicit mention of the factors may facilitate review, "this court has never required 'the ritual incantation' of the factors to affirm a sentence." 436 F.3d at 709 (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)). "The court need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *Id.* (quoting *United States v. Kirby*, 418 F.3d 621, 626 (6th. Cir. 2005)). Second, the district court in this case *did* consider the § 3553(a) factors. In addition to the considerations described above, the district court waived Giles's fine after finding that he could not afford it. By discussing Giles's ability to pay the fine, the district court addressed "the kinds of sentences available." *See id.* at 708.

Giles next argues that the district court committed procedural error by mentioning where the sentence fell in the Guidelines range, but he offers no support for the proposition that such a reference is erroneous. Because district courts are required to consider the applicable Guidelines

range, *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), we see no reason why it would be improper for a court to consider where the sentence falls within the Guidelines range. For these reasons, Giles fails to rebut the presumption of reasonableness afforded to the district court's sentence.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.