RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0215p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ALVIN VONNER,

*Defendant-Appellant.*

No. 05-5295

>

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 03-00154—Thomas Varlan, District Judge.

Argued: March 14, 2006

Decided and Filed: June 29, 2006

Before: MARTIN, SILER, and CLAY, Circuit Judges.

_____

### COUNSEL

**ARGUED:** Stephen Ross Johnson, RITCHIE, FELS & DILLARD, Knoxville, Tennessee, for Appellant. Charles E. Atchley, Jr., ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Stephen Ross Johnson, RITCHIE, FELS & DILLARD, Knoxville, Tennessee, for Appellant. Charles E. Atchley, Jr., ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

MARTIN, J., delivered the opinion of the court, in which CLAY, J., joined. SILER, J. (pp. 9-11), delivered a separate opinion concurring in part and dissenting in part.

_____

### OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Alvin Vonner was charged with and later pled guilty to distributing cocaine. Vonner now appeals his sentence claiming that it violates the Sixth Amendment pursuant to the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), and that it is unreasonable. For the reasons discussed below, we VACATE Vonner's sentence and REMAND the case for resentencing consistent with this opinion.

1

## I.

On December 9, 2003, a grand jury indicted Vonner on one count of distributing at least five grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On January 27, 2004, Vonner pled guilty to the charge pursuant to a plea agreement with the government. In anticipation of sentencing, a Presentence Report was prepared and disclosed to the parties on March 22. A revised version of the Report was subsequently disclosed on June 21. The Report indicated that the relevant statutory provisions authorized a sentence of not less than five years and up to forty years imprisonment. The Report also recommended a base offense level of twenty-nine and, based primarily upon Vonner's prior conviction for second-degree murder, a criminal history category of III. This amounted to a guideline range of 108 to 135 months incarceration. The defense filed a notice of no objection to the Report.[1]

Sentencing was delayed in anticipation of the Supreme Court's ruling in *Booker*. Following *Booker*, both the defense and the government filed a sentencing memorandum with the district court. At sentencing, the defense introduced extensive evidence that it claimed made a sentence lower than the advisory guideline range proper under 18 U.S.C. § 3553(a). This evidence related to: (1) Vonner's traumatic childhood; (2) the impairment to Vonner as a result of his long history of alcohol and drug abuse; (3) the circumstance surrounding Vonner's involvement in selling narcotics; (4) the conditions of his presentence confinement; (5) Vonner's cooperation and assistance to the government.

*Vonner's Childhood*

The defense introduced evidence that Vonner suffered abuse, abandonment, violence, neglect, and trauma as a young child. The record indicates that Vonner was the fourth of his mother's ten children. Vonner grew up in poverty and his mother would often prostitute herself to get money for food. Unable to make ends meet, Vonner and his siblings shoplifted even basic necessities. As an eight year old, Vonner was caught shoplifting underwear.

Vonner's mother was also a heavy drinker who failed to supervise her children properly. As a result, Vonner was twice placed in foster care. He was first placed in foster care at the age of four when his mother stabbed a boyfriend in the chest and then absconded to avoid arrest, leaving her children without adult supervision. Vonner remained in foster care until age six. Later, Vonner was again placed in foster care from ages seven to eight after the police received information that Vonner and his siblings were being left alone in the home for extended periods of time.

Vonner's father was intermittently present in Vonner's life, due in large part to Vonner's father's own history of incarceration which included convictions for murder, robbery, and weapons possession. When Vonner's father was at home, he was often drunk and violent. As a child, Vonner was beaten by his father with both belts and fists.

*Vonner's Drug and Alcohol Abuse*

The defense also presented evidence that Vonner's traumatic childhood caused emotional and mental impairment to Vonner and led to his extensive history of alcohol and drug abuse. As noted above, both of his parents were heavy drinkers which led to chaos and violence in the home. At age eight, Vonner first used alcohol that he obtained from his father's stash. By age fourteen,

---

[1]Vonner did file several motions prior to sentencing, including: (1) a motion to sentence without regard to sentencing guidelines and (2) a motion for downward departure. At sentencing, defense counsel stated that these motion were irrelevant in light of the Supreme Court's intervening decision in *Booker*. Thus, the district court denied these motions as moot.

Vonner was using alcohol and marijuana on a daily basis.  By age sixteen, Vonner was using amphetamines administered intravenously.  He was under the influence of drugs and alcohol when at age seventeen he was involved in the acts that led to his conviction in state court for second-degree murder. Following this conviction, Vonner was incarcerated for twenty-three years.  While in prison, Vonner continued to abuse drugs and once he was released, Vonner consumed large quantities of beer and marijuana daily.

*Circumstances Surrounding Vonner's Involvement in Drug Distribution*

The defense also argued that the nature of Vonner's drug offenses should be considered as mitigating evidence in this case.  The defense argued that because Vonner was incarcerated from his teens to his early forties, when he was released from prison Vonner had no money and no means of supporting himself.  Vonner alleged that he attempted to find employment but was unsuccessful because of his criminal history and lack of any trade or skill.  Thus, Vonner's only choice was to turn to his family for assistance.  Unfortunately his family was involved in illegal drugs and the only assistance they provided was to involve Vonner in this illegal activity which led to the charges at issue in this case.  Vonner alleged that as soon as he was able to procure employment as a bouncer he stopped selling drugs.  Vonner alleged that the only reason he was ever involved in selling narcotics was because nobody was willing to hire him when he was first released from prison and he was destitute.

*The Conditions of Vonner's Pretrial Confinement*

The defense offered evidence regarding Vonner's presentencing confinement that it argued counseled in favor of a lesser sentence.  From his arrest on December 16, 2003 until his sentencing hearing on Febrauary 7, 2005, Vonner was detained at the Blount County Detention Center.  Blount County Detention Center is a local county jail that contracts with the U.S. Marshals Service in Knoxville to house federal detainees.  The conditions at the Blount County Detention Center were much harsher than those at a Bureau of Prisons facility.  Specifically, based on Vonner's prior criminal history for the nearly fourteen months that Vonner was held at the Blount County facility, he was kept on lockdown twenty-three hours a day.  In addition, the defense introduced evidence showing that Vonner was not a behavioral problem for the jail and regularly attended church services.

*Vonner's Cooperation and Assistance Provided to the Government*

At sentencing, Vonner's defense counsel presented evidence regarding the cooperation and assistance Vonner provided the government and argued that it supported a lesser sentence.  Prior to the sentencing hearing, Vonner had provided government agents with information which could be helpful to the government in investigating and prosecuting other individuals. The government agent with whom Vonner spoke informed defense counsel that the information provided by Vonner was good and that it was valuable information to the government.

The government countered against Vonner's argument for a reduced sentence, asserting that based on Vonner's offense and his serious criminal history, a sentence within the advisory guideline range was proper under 18 U.S.C. § 3553(a). The government asserted that the mitigating evidence provided by defense counsel was insufficient to justify a lesser sentence.  Following the parties's arguments, the district court took a short recess to consider the sentencing matters. When the district court returned, he sentenced Vonner to 117 months imprisonment, a sentence in the middle of the advisory guidelines range.  The only explanation the district judge provided as to his reasons for selecting this sentence was:

> With respect to the sentence in this case, the Court has considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the

advisory Guidelines, as well as the other factors listed in 18 United States 3553(a). Pursuant to Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Alvin George Vonner, is hereby committed to the custody of the Bureau of Prisons for a term of imprisonment of a hundred and seventeen months. It is felt that this term is reasonable in light of the aforementioned, in light of the aforementioned factors and is a sentence, furthermore, that will afford adequate deterrent and provide just punishment.

Vonner then filed this timely appeal of his sentence.

## II.

Vonner alleges that his sentence was increased based upon a drug quantity calculation that Vonner did not admit to in his plea agreement. Specifically, the drug quantity calculation in the Presentence Report increased the appropriate advisory Guideline range from between 70 months and 108 months to between 87 months and 135 months. Vonner alleges that this increase in the advisory guideline range violated Vonner's Sixth Amendment rights in that it increased his sentence based on facts that had not been proven beyond a reasonable doubt to a jury or admitted by Vonner.

The district court did not violate Vonner's Sixth Amendment rights in this case. Vonner's brief relies upon the legal misconception that *Booker* held that judge-found fact can never be employed during the sentencing process. Such a reading of *Booker* is erroneous. Instead, *Booker* held that facts not admitted by the defendant or proven to a jury beyond a reasonable doubt may not be used only where such a fact is employed to raise a defendant's sentence above the maximum sentence prescribed by the applicable statutory provision. Nonetheless, judge-found fact may be employed to raise or lower a sentence provided that sentence remains within the range prescribed by the relevant statute. Under *Booker,* such a use of judge-found fact does not violate the Sixth Amendment.

In this case, the district court employed judge-found fact in a manner that was entirely consistent with the Sixth Amendment. The district court considered evidence of Vonner's uncharged criminal conduct to determine the appropriate advisory guideline range. This judge-found fact, however, was not used to raise Vonner's sentence beyond the statutory maximum penalty, which in this case was forty years under 21 U.S.C. § 841(b)(1)(B). Thus, the district court's sentencing of Vonner raised no constitutional concerns.

Morever, even if there would ordinarily have been a problem with the district court's sentencing procedure, any problem was obviated by the fact that Vonner's uncharged criminal conduct was not technically judge-found fact. Specifically, the uncharged criminal conduct which the judge relied upon in sentencing Vonner was included in the Presentence Report. Vonner filed a motion stating that he did not object to any information contained in the Report. We have held that where a defendant explicitly declines to object to a fact contained in the Report, the defendant has admitted that fact. *See, e.g., United States v. Adkins*, 429 F.3d 631, 633 (6th Cir. 2005). Thus, Vonner had admitted to the uncharged criminal conduct for sentencing purposes, thereby obviating any alleged Sixth Amendment implications of the district court's sentencing considerations in this case.

## III.

Vonner's remaining claim is that the district court's sentencing procedure violated our jurisprudence regarding the proper application of 18 U.S.C. § 3553(a). Specifically, Vonner alleged that the district court failed to provide an adequate explanation for its sentencing decision and thus Vonner's sentence was inherently unreasonable. In order to address this claim, it is helpful to provide an explanation of what is required of a district court post-*Booker* at sentencing.

Now that guidelines are no longer mandatory, pursuant to *Booker*, the Supreme Court has declared that the district court is bound by the mandate in Section 3553(a) in determining the length of the appropriate sentence for a defendant. Section 3553(a) instructs district courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the provision." Complying with Section 3553(a) is not optional. Specifically, Section 3553(a) mandates that the district court consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the appropriate advisory guideline range; (5) any other pertinent policy statement issued by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and" (7) "the need to provide restitution to any victims of the offense."[2]

Once a district court imposes a sentence it deems appropriate under Section 3553(a), we must then consider whether the district court's sentence is a reasonable application of Section 3553(a). *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (noting that "when a defendant challenges a district court's sentencing determination, we are instructed to determine 'whether [the] sentence is unreasonable.'") (quoting *Booker*, 543 U.S. at 261). Since the Supreme Court issued *Booker* over a year ago, we, along with the rest of the federal appellate system, have struggled to define the meaning of reasonableness review for sentencing purposes. *See United States v. McBride*, 434 F.3d 470, 474 (6th Cir. 2006) ("Achieving agreement between the circuit courts and within each circuit on post-*Booker* issues has, unfortunately, been like trying to herd bullfrogs into a wheelbarrow.").

*Webb* was our first attempt to define the parameters of reasonableness review under *Booker*. In *Webb*, we concluded that reasonableness refers not only to the substance of the district court's decision (meaning the length of the defendant's sentence) but also the procedure employed by the district court in reaching that decision. 403 F.3d at 383. Thus, a sentence would be unreasonable if a district court failed to properly consider a relevant factor listed in Section 3553(a). *Id.* Moreover, we reminded district courts that "[p]ost-*Booker* we continue to expect district judges to provide a reasoned explanation for their sentencing decisions in order to facilitate appellate review." *Id.* at 384; *see also United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2006) (reaffirming that "we as an appellate court must still have the articulation of the reasons the district court reached the sentence ultimately imposed.")

Later in *United States v. Williams*, 436 F.3d 706 (6th Cir. 2006), we considered what weight should be given the appropriate advisory guideline range when considering whether a sentence is reasonable. Despite the fact that under Section 3553(a) the advisory guidelines are but one of many sentencing factors to be considered, and without a reasoned explanation,[3] the *Williams* panel

---

[2] These are the factors to be considered by the district court along with the statute's parsimony provision in determining the proper sentence for a defendant. Many district courts, such as the district court in this case, appear more focused on whether the sentence given is reasonable rather than whether the sentence complies with the mandate of Section 3553(a). District courts should not be concerned with reasonableness, as this standard applies only to appellate review of a defendant's sentence. *United States v. Foreman*, 436 F.3d 638, 644 n. 1 (6th Cir. 2006). Instead, district courts should be focused on properly considering the relevant Section 3553(a) factors and providing a thorough explanation of sentencing decisions in order to allow for thorough appellate review. *United States v. McBride*, 434 F.3d 470, 475-476 n.3 (6th Cir. 2006).

[3] *But see United States v. Buchanan*, — F.3d —, 2006 WL 1450686, at *4 (6th Cir. May 26, 2006) (Sutton, J., concurring).

"join[ed] several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness." *Id.* at 708; *See United States. v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) (recognizing a presumption of reasonableness); *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005) (same); *but see United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006) (en banc) ("Although making the guidelines 'presumptive' or 'per se reasonable' does not make them mandatory, it tends in that direction; and anyway terms like 'presumptive' and 'per se' are more ambiguous labels than they at first appear."); *United States v. Talley*, 431 F.3d 784, 786-87 (11th Cir. 2005) (explicitly rejecting a presumption of reasonableness). In *Williams,* we reiterated the holding in *Webb* that the district court must consider the list of sentencing factors articulated in Section 3553(a). Nonetheless, *Williams* stated that we do not require "the ritual incantation of these factors to affirm a sentence." *Id.* at 708-09 (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir.2005)) (quotation marks omitted).

*United States v. Foreman*, 436 F.3d 638 (6th Cir. 2006) clarified the *Williams* holding that a sentence within the advisory guideline range is presumptively reasonable. In *Foreman*, we held that "*Williams* does not mean that a Guidelines sentence will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors." *Id.* at 644. In fact, *Foreman* noted that "[a] sentence within the Guidelines carries with it no implication that the district court considered the [other] 3553(a) factors if it is not clear from the record." *Id.* "Moreover, *Williams* does not mean that a sentence within the Guidelines is reasonable if there is no evidence that the district court followed its statutory mandate to 'impose a sentence sufficient, but not greater than necessary' to comply with the purposes of sentencing in section 3553(a)(2). Nor is it an excuse for an appellate court to abdicate any semblance of meaningful review." *Id.*

In *United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006), we further expanded upon the meaning of the holding in *Williams*. We reiterated that a sentence within the appropriate advisory Guideline range should be credited with a presumption of reasonableness. Nonetheless,

> This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence. Even when selecting a presumptively reasonable sentence within the Guidelines range, a district court must "articulate[ ] its reasoning sufficiently to permit reasonable appellate review, specifying its reasons for selecting" the specific sentence within that range. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). A district court "need not recite these [ § 3553(a) ] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir.2005). We emphasize the obligation of the district court in each case to communicate clearly its rationale for imposing the specific sentence. Where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it. This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable.

*Id.* at 553-54; *see also United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005) (remanding for resentencing on the grounds that the district court's rote statement that it considered all the relevant factors was insufficient to adequately explain the district court's rationale for its sentencing determination).

Finally, in *United States v. Morris*, we again reiterated that *Williams*'s "rebuttable presumption does not relieve the district court of the obligation to consider other relevant statutory

factors or sufficiently articulate its reasoning so as to permit reasonable appellate review." — F.3d —, 2006 U.S. App. LEXIS 12250, at * 5 (6th Cir. May 19, 2006) (citing *Richardson*, 437 F.3d at 554).

When reading these cases in concert, a consistent theme emerges. The *Williams* rebuttable presumption does not relieve a district court of its burden to communicate clearly its reasons for imposing a specific sentence. *See McBride*, 434 F.3d at 476 n.3 (holding that there must be "sufficient evidence in the record to *affirmatively demonstrate* the court's consideration" of the relevant Section 3553(a) factors) (emphasis added). Overall, the record must be sufficiently clear and detailed to permit "meaningful appellate review." This requirement is of even greater importance where the defendant has raised a specific claim as to why a lower sentence ought to be imposed. In such a case, meaningful appellate review requires that the district court record indicate not only that the district court considered the defendant's argument but it must also explain why the district court decided to reject that argument. We do not require district courts to be automatons in their discussion of the Section 3553(a) factors. Rather, the focus is on substance rather than form and no "ritual incantation" of the factors is required.[4] Instead, the record must simply be sufficiently clear to allow us to be assured that the district court considered all the arguments before it and to understand how those arguments factored into the district court's ultimate sentencing determination. This is required even where the district court's sentence of a defendant is presumptively reasonable under *Williams*. *See e.g.*, *Morris*, — F.3d —, 2006 U.S. App. LEXIS 12250, at *5 (holding that the "rebuttable presumption [of reasonableness] does not relieve the district court of the obligation to consider other relevant statutory factors or sufficiently articulate its reasoning so as to permit reasonable appellate review").

Applying our past jurisprudence to this case, the district court's sentencing of Vonner was unreasonable. Admittedly, a presumption of reasonableness applies in this case given that the district court sentenced Vonner within the appropriate advisory guideline range. Our cases indicate, however, that this presumption does not relieve a district court of its duty to adequately explain a defendant's sentence. *See Morris*, — F.3d —, 2006 U.S. App. LEXIS 12250, at *5; *Richardson*, 437 F.3d at 554. Since *Webb*, our cases dealing with reasonableness under *Booker* have emphasized again and again that for a sentence to be reasonable a district court must clearly articulate the reasons for its ultimate sentencing decision. *Richardson* further clarified that if a defendant provides mitigating evidence, the record must: (1) indicate that the court considered it and (2) provide the court's reasons for rejecting the defendant's argument. In this case, the evidence that the district court actually considered Vonner's various arguments is sketchy as best. *See Richardson*, 437 F.3d at 554. The only proof in the record of the district court's consideration is the district court's statement that "[w]ith respect to the sentence in this case, the Court has considered the nature and circumstances of the offense, the history and characteristics of the defendant, the advisory Guideline range, as well as the other factors listed in the 18 United States 3553(a)." This type of offhanded dismissal of a defendant's claims provides mere lip service to the district court's responsibility to carefully weigh all the facts and provide a defendant with a well-reasoned, well-thought-out sentencing decision. *See McBride*, 434 F.3d at 476 n.3 (holding that there must be "sufficient evidence in the record to *affirmatively demonstrate* the court's consideration" of the relevant Section

---

[4] The dissent notes that the district court stated that "[f]or the record" it had considered the Section 3553(a) factors. Although we have held that it is not *necessary* for a district court to engage in a "ritualistic incantation" of the Section 3553(a) factors, we have also *not* held that the mere recitation of the magic words "Section 3553(a)" is itself *sufficient* to immunize a district court's sentencing decision from reversal. To so hold would send a false message to district courts that all they need to do at sentencing is list the Section 3553(a) factors, impose a Guideline sentencing, and conclude by stating that the sentence provides "just punishment and affords adequate deterrence." Magic words are not necessary, but nor are they alone sufficient. If there is any doubt about the inadequacy of the district court's consideration here, one need only compare the transcript from Vonner's sentencing hearing to the transcript from this Court's recent holding in *United States v. Morris*, — F.3d —, 2006 U.S. App. LEXIS 12250 (6th Cir. May 19, 2006).

3553(a) factors) (emphasis added); *Foreman*, 436 F.3d at 644 (explaining that the sentencing court's consideration of "all of the relevant section 3553(a) factors" must be "clear from the record").

Even assuming, however, that the record indicates that the district court considered all of Vonner's arguments, there is nothing in the record that explains why the district court rejected those arguments. *See Richardson*, 437 F.3d at 554 (holding that "the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it"). The district court here merely provided a perfunctory explanation that it believed 117 months imprisonment was a reasonable sentence in light of the Section 3553(a) factors. But there is no explanation as to why the district court discredited Vonner's arguments for a lower sentence. Such a failure to provide adequate explanation is a violation of our decision in *Richardson*. Of additional concern, it leaves Vonner guessing as to why the district court rejected his claims and imposed the sentence that it chose. Moreover, it provides a record so woefully insufficient that it makes it nearly impossible for us to engage in meaningful appellate review. *Compare with Morris*, — F.3d —, 2006 U.S. App. LEXIS 12250, at *12 (Martin, J., concurring) (calling the sentencing hearing "excellent" and stating that if "district courts were to follow Judge Enslen's example in this case, reversals would be exceedingly rare"). Even if we were to suspect that Vonner's sentence was unduly harsh, we would have no intelligent means of reviewing the district court's sentencing decision because the record does not inform us why the district court reached the decision it did, what factors it relied upon, or its reasons for rejecting Vonner's claim. Based on the district court's lack of adequate explanation for its sentencing decision, we find that the sentence is unreasonable.[5]

## IV.

For the reasons stated above, we VACATE Vonner's sentence and REMAND this case for resentencing consistent with this opinion.[6]

---

[5] This is not to say the district court might not impose the same sentence on remand. It may do so and it may be that such a decision would be reasonable if properly explained. Given, however, that we cannot be entirely sure based on the record that the district court considered the arguments or rejected them for valid reasons, we cannot rule out the possibility that Vonner's sentence may be altered by the district court on remand.

[6] In the future, as the dissent suggests, we urge defense attorneys to press district courts to provide a thorough rationale for their sentencing determinations. While defense attorneys are certainly not required to do so, such action might spare us appeals such as this one. *See United States v. Cunningham*, 429 F.3d 673, 680 (7th Cir. 2005).

_____

**CONCURRING IN PART, DISSENTING IN PART**
_____

SILER, Circuit Judge, concurring in part and dissenting in part. I concur in part with the majority opinion, in which we found that there is no Sixth Amendment violation here by the determination of the quantity of drugs involved in the case. However, I respectfully dissent from the conclusion by the majority that the district court's sentence was unreasonable.

There is no dispute that the sentence imposed in this case, 117 months, fit within the Guidelines range of 108-135 months. Therefore, because the sentence was within the Guidelines range, it is presumptively reasonable. *See United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). The court considered the list of sentencing factors articulated in 18 U.S.C. § 3553(a). It related that it considered all of those factors, and I think that we should accept the statement of the court as truth. The court hoped that the defendant would learn

> the proper tools and education and other matters that would be offered to you through your Federal prison incarceration that, you know, will give you certain life skills and life styles that will be a benefit to you when your period of incarceration is over.

It also recommended that Vonner receive 500 hours of substance abuse treatment while incarcerated.

The sentencing issues arose in a strange way. On January 31, 2004, Vonner filed a sentencing memorandum to discuss the impact of *United States v. Booker*, 543 U.S. 220 (2005). In his sentencing memorandum, Vonner argued that he deserved a sentence below the advisory Guidelines range because of his neglect as a child, his confinement in a local jail by state authorities, his cooperation with the government, and the inclusion of drug sales on August 6, 2002, as relevant conduct. In addition, he stated that his prior motions to depart and to be sentenced without regard to the Guidelines had either been affirmed by the Supreme Court or rendered moot. During his sentencing hearing, Vonner did not object to the PSR and stated that his motions were moot in light of *Booker*. His counsel did, however, highlight at the sentencing that Vonner suffered childhood trauma and had a lengthy period of incarceration in the local jail under his state sentence. At the time the district court issued its sentence, it stated:

> With respect to the sentence in this case, the Court has considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guideline range, as well as the other factors listed in 18 United States [Code] 3553(a). Pursuant to Sentencing Reform Act of 1984, it is judgment of the Court that the defendant, Alvin George Vonner, is hereby committed to the custody of the Bureau of Prisons for a term of imprisonment of a hundred and seventeen months. It is felt that this term is reasonable in light of the aforementioned, in light of the aforementioned factors and is a sentence, furthermore, that will afford adequate deterrent and provide just punishment.

Unlike the majority, I would not call this an "offhanded dismissal of a defendant's claims" which "provides mere lip service to the district court's responsibility to carefully weigh all the facts and provide a defendant with a well-reasoned, well-thought-out sentencing decision." Nor would I call it "a perfunctory explanation." After imposing the sentence, the district court asked counsel for both sides if there were any objections to the sentence that were not previously raised, and the prosecution and defense counsel both replied in the negative. The court again asked defense counsel if he had any other matters to bring up, and counsel said "No." If counsel had wanted the court to explain further why it felt that the defendant's family situation, prior criminal problems, or pretrial

confinement were not factors to be influential in the determination of the sentence, counsel had the opportunity to obtain the ruling at that point in the sentencing.

*Booker* did not invent the test of reasonableness. For instance, in a pre-*Booker* case, *United States v. Joan*, 883 F.2d 491 (6th Cir. 1989), this court approved an upward departure from the Guidelines under a reasonableness test. As our court properly advised us then:

> Reasonableness is a flexible standard. The court must act in a rational and just way in an effort to vindicate one of the major purposes of the criminal law - deterrence, punishment, isolation, rehabilitation, or retribution.

*Id.* at 496. Too many times we have forgotten the admonition from that case:

> Trial judges are on the front line dealing with real live defendants, and are in a far better position than appellate courts to determine the circumstances justifying [a sentence].

*Id.*

The sentencing from the court in this case is very similar to that found to be reasonable in *United States v. Giles*, 170 Fed. Appx. 414, No. 05-5526, 2006 WL 620644, at *2 (6th Cir. Mar. 13, 2006), where the same district court recited that the defendant needed to further his education and learn a trade while in prison. It also said:

> For the record, the Court has considered the nature and circumstances of the offense, the history and the characteristics of the defendant and the advisory guideline range, as well as other factors listed in 18 USC § 3553(a).

*Id*. at *1. The court recommended 500 hours of substance abuse treatment, the same recommendation in the case at bar. The court also asked the parties for any further objections, and none were made, except for special mental health treatment for the defendant, which was granted. *Id*. at *2.

As we recently said in *United States v. Jones*, 445 F.3d 865, 871(6th Cir. 2006):

> [A] sentence within the applicable Guidelines range should not lose its presumption of reasonableness whenever a district judge does not explicitly address every defense argument for a below-Guidelines sentence. Otherwise, the procedural reasonableness review will become appellate micromanaging of the sentencing process.

*Id.*

The majority feels that the dissent is inconsistent with the decision in *United States v. Richardson*, 437 F.3d 550, 553-54 (6th Cir. 2006). I respectfully disagree. The district court's pronouncement, although brief, provided its reasons for the rejection of Vonner's issues. First, it considered the nature and circumstances of the offense and the difficult upbringing of Vonner, because that is recited in 18 U.S.C. §3553(a)(1). It also considered the history and characteristics of the defendant's prior record, which included a conviction for murder. *Id.* It listened to Vonner and his counsel and felt that there was a need to deter the defendant from further criminal conduct, to protect the public, and to provide Vonner with needed medical care. *Id*. §3553(a)(2)(B), (C), and (D).

Therefore, I believe that the sentence pronounced in this case was reasonable because the court sentenced Vonner within the Guidelines and considered all of the relevant factors from § 3553(a).  If Vonner wished a more specific reason for not considering his poor family background or any of the other factors he raised, he should have asked the court to articulate it at the time the sentence was pronounced.  The numerous cases by our court on the reasonableness of sentences post-*Booker* have confused attorneys and district courts alike.  Sentencing hearings will soon exceed trials in length, if we do not simplify the process.  Because the district court complied with the law in the sentencing process, I would AFFIRM the sentence in this case.