File Name: 07a0103n.06

Filed: February 8, 2007NOT RECOMMENDE
D FOR PUBLICATION

No. 05-4111

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JEROME CROSS, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: KEITH, and CLAY, Circuit Judges; and MAYS, District Judge.**[*]

**SAMUEL H. MAYS, JR., District Judge.** Jerome Cross appeals from resentencing upon remand in light of *United States v. Booker*, 543 U.S. 220 (2005). He argues that the district court violated the Constitution, federal statutes, and *Booker* by imposing an unreasonable sentence and by failing to base all U.S. Sentencing Guidelines (the "Guidelines") adjustments and factual findings on facts proven beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, and found by the jury. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

---

[*] The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

# I. BACKGROUND

From 1999 through 2002, a drug-trafficking conspiracy involving eight co-conspirators, including Cross, was headquartered in the Columbus, Ohio homes of Derrick Billups. Cross served as Billups's cocaine supplier, bringing the drugs from Cross's home in Michigan to Columbus. Cross often would "cook" the cocaine into crack for resale and/or delivery to lower-level drug traffickers. In late 2000, Billups moved the conspiracy's headquarters to a different home in Columbus, located at 3232 Framington. Like Billups's first home, the new location was a "stash" house used to store drugs. Billups kept a gun in his home for fellow drug traffickers to use if they needed to "protect the drugs" in case of a robbery.

On April 3, 2002, officers of the Federal Bureau of Alcohol, Tobacco, and Firearms executed a search warrant at Billups's home, where they discovered cocaine, crack, and items used to manufacture crack. Cross, the only person at the home at the time of the raid, was found crawling out of an upstairs bedroom. In that bedroom, the officers found Cross's cellular telephone, $5,000 in cash, and a loaded .45-caliber pistol. When the officers searched Cross's person, they discovered $2,300 in cash, including two pre-recorded $100 bills that a confidential informant had used for a crack purchase two days earlier. The officers then arrested Cross.

On May 2, 2002, a federal grand jury returned a fourteen-count indictment. Cross was named in four counts and charged with conspiracy to distribute and possess with the intent to distribute in excess of fifty grams of cocaine base, or crack, and in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii), and 21 U.S.C. § 846 ("Count 1"); possession with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(A)(ii), and 18 U.S.C. § 2 ("Count 12"); possession with intent to distribute in excess of fifty grams of cocaine base, or crack, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii),

and 18 U.S.C. § 2 ("Count 13"); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count 14"). The indictment also sought forfeiture of certain property pursuant to 21 U.S.C. § 853. On May 16, 2002, Cross was arraigned and pled not guilty to all of the charges against him.

Before trial, the government and Cross executed several stipulations, addressing appraisal of Cross's jewelry, admissibility of mobile phone, banking, and tax records, fingerprinting expert's qualifications, and analysis of controlled substances found during the arrest. Trial began on October 28, 2002. At trial, Preston Dempsey, a co-conspirator, testified that over the course of four or five months in 2001, he had purchased five to ten kilograms of "dope" from Cross, who became his supplier. Reginald Randolph, another co-conspirator, testified that he had known Cross since childhood and that he knew that Cross had never been employed. Randolph also testified that Cross was the source of cocaine brought from Detroit to Columbus from 1999 until Cross's arrest and that Cross was Billups's and Dempsey's supplier. Other evidence presented at trial showed that Cross, who was unemployed at the time of his arrest, kept a large share of the drug proceeds, drove luxury cars, and wore expensive jewelry, which at the time of his arrest was worth about $25,000. Cross did not present any evidence. The jury returned a verdict on October 30, 2002, finding Cross guilty on all four counts against him.

The Presentence Report ("PSR"), dated February 12, 2003, noted that the evidence in the case showed that Cross had recruited individuals into the conspiracy, supplied and prepared the narcotics sold by his co-conspirators, and received a greater share of the proceeds from the conspiracy than others. The probation officer recommended a base offense level of 38, pursuant to § 2D1.1 of the

Guidelines, based on Cross's accountability for twenty-four kilograms of the crack cocaine that the conspiracy distributed. Added to the offense level was a four-level enhancement, pursuant to Guidelines § 3B1.1(a), for Cross's role as a manager or supervisor of the conspiracy. Cross's one criminal history point established a criminal history category of I..

During his sentencing hearing, on April 15, 2003, Cross contended that the trial testimony about his role in the conspiracy and the amount of drugs distributed was unreliable and inconsistent, and thus should not have been used to increase his sentence under the Guidelines. In response, the district court noted that, based on the evidence presented, it found no basis to disagree with the jury's finding. The district court further noted that the calculation of the offense level in the PSR, recommending the applicable Guidelines range of 420 months to life imprisonment, was conservative. The court stated that it was convinced, by at least a preponderance of the evidence, that Cross was a leader or a manager of the conspiracy. The court adopted the recommendations of the PSR, including the four-level enhancement, and imposed a sentence of 420 months' imprisonment, the minimum amount allowable under the Guidelines. The district court also imposed a five-year period of supervised release, a $2,000 fine, and a mandatory special assessment of $400.

Cross timely appealed his conviction, arguing that the jury's findings were not supported by sufficient evidence and that the district court erred in its application of the Guidelines. This Court affirmed his conviction on January 12, 2005. This Court opined that the evidence presented was more than sufficient to justify each conviction beyond a reasonable doubt and that the district court did not clearly err when it applied the four-level leadership-based enhancement because the government had proven the applicability of § 3B1.1(a) of the Guidelines by a preponderance of the

evidence. On February 14, 2005, this Court granted Cross's petition for rehearing concerning the sentence only and remanded the case to the district court for resentencing in light of *Booker*. Cross's petition for a writ of certiorari was denied by the Supreme Court on May 16, 2005.

The district court held a resentencing hearing on August 25, 2005. Again, Cross argued that the testimony adduced at trial about his leadership role in the conspiracy was unreliable. After consulting the advisory Guidelines range and discussing the factors enumerated in 18 U.S.C. § 3553(a), the district court noted that Cross's original sentence of 420 months in prison was too harsh because the offense did not involve violence. The district court also considered the likelihood of deterrence, as well as Cross's age, family, and lack of an extensive criminal record. Not changing any of the findings made at the first sentencing hearing in calculating the Guidelines, the district court reduced Cross's sentence to 240 months in prison. The district court again imposed a five-year period of supervised release, a $2,000 fine, and a $400 special assessment. Cross's new sentence is fifteen years below the applicable Guidelines range and fifteen years less than his original sentence. Cross filed a timely notice of appeal on August 30, 2005.

## II. ANALYSIS

### A.    Standard of Review

After *Booker*, this court will not overturn a sentence imposed by a district court unless that sentence is unreasonable. *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006). Reasonableness review has "both substantive and procedural components." *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006). A sentence may be procedurally unreasonable if "the district

judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005); *see also United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006) (noting that "[a] district court's failure to explicitly consider the section 3553(a) factors without other evidence in the record demonstrating that they were thoroughly considered . . . would result in a procedurally unreasonable" sentence). A district court's application of provisions of the Guidelines to the facts is treated deferentially under the clearly-erroneous standard. *United States v. Webb*, 335 F.3d 534, 536-37 (6th Cir. 2003).

**B.    Discussion**

   ***1.    Sentence based on judge-found facts***

   *Booker* did not eliminate judicial fact-finding. *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005). Instead, district courts have the option, after calculating the sentence range pursuant to the Guidelines, to sentence a defendant outside the resulting range. *Booker*, 543 U.S. at 258; *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *Stone*, 432 F.3d at 655. A district court must calculate the Guidelines range as it would have prior to *Booker*, but then must take into account all of the factors enumerated in 18 U.S.C. § 3553(a). *Stone*, 432 F.3d at 655. Prior to *Booker*, calculation of the Guidelines range was based on sentencing facts found by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 157 (1997); *United States v. Escobar*, 106 F. App'x 446, 451 (6th Cir. 2004); *United States v. Reid*, 357 F.3d 574, 577 (6th Cir. 2004). *Stone* permits this evaluation to be performed in the same manner today—that is, under a preponderance-of-the-

evidence standard—as long as the relevant § 3553(a) factors are taken into account. *Stone*, 432 F.3d at 655. Indeed, the *Booker* court noted that a sentencing enhancement can be based on a court finding as long as the Guidelines are treated as advisory. *Booker*, 543 U.S. at 258-59.

During Cross's resentencing, the district court explicitly treated the Guidelines as advisory and noted that nothing before the court would warrant changing any of the findings made at the first sentencing hearing in calculating the applicable Guidelines range. (J.A. 432-36.) After considering the Guidelines range based on facts proven by at least a preponderance of the evidence, the district court, exercising its discretion, evaluated the § 3553(a) factors, including the circumstances of the offense, the need for deterrence and just punishment, as well as Cross's age, family support, need for vocational training, and lack of an extensive criminal record. (J.A. 433-35.) Based on the PSR's recommendation and its own findings, the district court refused to change any of the findings that were made at the first sentencing hearing about the applicable Guidelines range and scores, and reduced Cross's initial sentence by 180 months to a total of 240 months. Cross's Sixth Amendment rights were not violated when the district court determined Cross's sentence based on judge-found facts because the district court treated the resulting applicable Guidelines range as advisory.

### 2. *Guidelines adjustments on facts proven by a preponderance of the evidence*

Cross argues that, because the sentencing statutes and rules do not specify the standard of proof for Guidelines enhancements, the court should construe the sentencing statutes to require proof of contested facts beyond a reasonable doubt. In his brief, Cross cites to other circuits, to Justice Thomas's dissent in *Booker* suggesting that the Fifth Amendment requires proof beyond a reasonable doubt of any fact that increases the sentence beyond what could have been imposed on the basis of

facts found by the jury or admitted by the defendant, and to general requirements of procedural due process.

In *Apprendi v. New Jersey*, 530 U.S. 466, 484-91 (2000), the Supreme Court discarded any distinction between elements and sentencing factors, concluding that any fact (other than a prior conviction or facts agreed to in a plea agreement) that increases the maximum sentence must be proven to a jury beyond reasonable doubt. This court in *United States v. Harris*, 397 F.3d 404 (6th Cir. 2005), noted that under *Booker*, the Sixth Amendment prevents judges from making factual determinations that increase a defendant's sentence beyond the applicable statutory range based on facts found by the jury or admitted by the defendant. *Id.* at 409. Such fact determinations leading to sentence enhancements beyond the maximum authorized by the facts established by a jury verdict or a guilty plea, other than based on a prior conviction, must be submitted to the jury and proven beyond a reasonable doubt. *Id.*; s*ee also Booker*, 543 U.S. at 244. This court in *Harris*, however, emphasized that its holding was narrow, applicable only to findings of elements of separate crimes, not to traditional sentencing factors. *Harris*, 397 F.3d at 413-14. Therefore, "there is no Sixth Amendment violation when a sentencing judge exercises genuine discretion within a clearly defined statutory range." *Id.* at 411; *see also Booker*, 543 U.S. at 233. Indeed, *Booker* did not overturn *Watts*, which stands for the proposition that sentencing facts need be proven only by a preponderance of the evidence. *Booker*, 543 U.S. at 240-41.

In the present case, the jury found Cross guilty on all counts with which he was charged, resulting in an offense level under the Guidelines of 38. The district court added four levels for Cross's leadership role in the conspiracy, as shown by at least a preponderance of the evidence

presented at trial.   Because this enhancement based on a traditional sentencing factor need not be

proven beyond a reasonable doubt, Cross's Fifth Amendment rights were not violated.

> **3.      *Reasonableness of the sentence***

Post-*Booker*, we will affirm a defendant's sentence if it is reasonable.  *Richardson*, 437 F.3d

at 553; *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005).  Although the Guidelines

are no longer mandatory, sentences imposed within the applicable Guidelines range are presumed

to be reasonable.[1]  *Williams*, 436 F.3d at 708.   The sentencing court must consider the sentencing

factors enumerated in § 3553(a).  *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005).  It need

not, however, explicitly state that it has considered each § 3553(a) factor.  *Williams*, 436 F.3d at 708;

s*ee also United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005) (citing *United States v.*

*Washington*, 147 F.3d 490, 491-92 (6th Cir. 1998)) (noting that there is no requirement that the

district court engage in a "ritualistic incantation" of the § 3553(a) factors it considers); *United States*

*v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005).

Although a sentence within the applicable Guidelines range is presumptively reasonable, a

sentence above or below the range, as in this case, is not presumptively unreasonable.  *United States*

*v. Foreman*, 436 F.3d 638, at 644 (6th Cir. 2006).[2]  In reviewing a sentence below the Guidelines

---

[1]    In *United States v. Johnson*, 467 F.3d 559 (6th Cir. 2006), however, this court declined to find that a sentence within the Guidelines range was reasonable.  On October 13, 2006, this court granted *en banc* review of *United States v. Vonner,* 452 F.3d 560 (6th Cir. 2006), to explore this court's approach to post-*Booker* reasonableness review.

[2]    The Supreme Court has agreed to decide whether a criminal sentence that is within the Guidelines is to be treated as reasonable, and thus valid, and whether a sentence below the Guidelines range is reasonable.  In  *United States v. Rita*, 177 F. App'x 357 (4th Cir. 2006), *cert. granted*, 75 U.S.L.W. 3246 (Nov. 3, 2006) (No. 06-5754), the Court will decide whether a

range for reasonableness, this court looks to whether the district court considered the relevant §

3553(a) factors. *Id.* In general, after *Booker*, the district court is to impose a sentence that is

sufficient, but not greater than necessary, to comply with the purposes of section 3553(a). *Id.* at 644,

n.1. An explicit mention of the § 3553(a) factors, although not necessary, facilitates this court's

review. *Johnson*, 403 F.3d at 816.

In *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005), this court held that a below-

Guidelines sentence was reasonable because the district court had adequately considered the factors

set forth in § 3553(a). "Both district courts imposing sentences in the first instance as well as

appellate courts reviewing sentences on appeal are to be guided by the factors set forth in 18 U.S.C.

3553(a)." *Jackson*, 408 F.3d at 304. The applicable Guidelines range is only one factor among

several described in § 3553(a). *Id.* Without articulation on the record that the § 3553(a) factors had

been considered, this court is unable to review a sentence for reasonableness. *Johnson*, 408 F.3d at

305.

The district court imposed a sentence that is 15 years below the applicable Guidelines range.

The record demonstrates that the district court properly calculated the advisory Guidelines range,

deemed the range to be only one of the factors to consider, and adequately and explicitly articulated

---

sentence within the range is reasonable, whether such a sentence may be presumed to be
reasonable, and whether such a sentence may be imposed without full analysis by the judge of
factors that might justify a lesser sentence. In *United States v. Claiborne*, 439 F.3d 479 (8th Cir.
2006), *cert. granted*, 75 U.S.L.W. 3246 (Nov. 3, 2006) (No. 06-5618), the Court will examine
whether a sentence below the Guidelines range is reasonable, and whether a sentence that varies
substantially from the Guidelines can only be imposed in extraordinary situations.

all of the other § 3553(a) factors. Specifically, the district court noted the seriousness of the offense, Cross's age, the need for deterrence and to protect the public, the lack of an extensive criminal record, and Cross's supportive family. (J.A. 434-35.) In addition, the PSR, which the district court expressly adopted, contained a detailed recitation of these facts and an ample evidentiary basis for finding them. The district court's application of the Guidelines range and the other § 3553(a) factors to the facts of Cross's case was adequate and explicit, and the sentence imposed here is reasonable and sufficient but not greater than necessary to comply with the purposes of § 3553(a).

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

---