NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  08a0031n.06
Filed:  January 9, 2008

No. 05-6584

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| VICTOR L. HOLLMAN, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before:  BATCHELDER and MOORE, Circuit Judges; BUNNING,\* District Judge.**

**KAREN NELSON MOORE, Circuit Judge.**  Defendant-Appellant Victor L. Hollman ("Hollman") pleaded guilty to one count of conspiracy to commit the offenses of distribution and possession with intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced Hollman to 204 months in prison.  On appeal, Hollman argues that his sentence was procedurally and substantively unreasonable.  We disagree, and **AFFIRM** the sentence pronounced by the district court.

---

\*The Honorable David Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

# I. BACKGROUND

## A. Factual Background

Hollman and the government agreed on the factual basis for the offense conduct. Between April 21, 1999 and May 12, 1999, a confidential informant purchased 7.8 grams of cocaine from Hollman; law enforcement officers recorded the transactions and conducted surveillance of them. Hollman purchased cocaine from one particular source for approximately three to four months in 1999. Hollman used cocaine daily before his arrest and had been using the drug periodically since the early 1990s.

The district court ordered a forensic evaluation to determine Hollman's competency to stand trial; the report, submitted on June 4, 2004, concluded that Hollman was "malingering" and gave a provisional diagnosis of "antisocial personality disorder." Joint Appendix ("J.A.") at 163 (PSR at ¶66). The report stated: "Mr. Hollman continues to fabricate psychiatric symptoms and display disruptive behavior. It is likely that if he is convinced of the efficacy in these efforts to obtain the desired secondary gain, he will persist." *Id*. After Hollman was labeled a malingerer, the government did not ask Hollman to testify against his co-defendants at their trials.

While in custody in Greene County Jail, Hollman, posing as a woman, exchanged notes with another inmate. During the course of their correspondence, the other inmate wrote a detailed admission regarding a heinous murder. After Hollman alerted authorities, they discovered that the inmate's admission implicated two other individuals who had previously not been charged.

## B. Procedural Background

Hollman pleaded guilty to Count Two of the Second Superseding Indictment: conspiracy to commit the offenses of distribution and possession with intent to distribute five hundred grams

2

or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). Hollman qualified as a career offender, placing him in criminal history category VI. His final Guidelines range, as calculated in the PSR, was 262 to 327 months. Based on the substantial assistance he provided to the government regarding the state murder, the government filed a motion for downward departure under U.S. SENTENCING GUIDELINES MANUAL § 5K1.1. The government recommended a 200-216-month sentence, whereas Hollman argued for a 132-month sentence, twelve months less than the leader of the conspiracy received.

The district court granted the government's downward-departure motion, and chose a three-level reduction from the Guidelines offense level, resulting in an advisory Guidelines range of 188 to 235 months. The district court sentenced Hollman to 204 months in prison. Judgment was entered September 27, 2005, and Hollman timely appealed.

## II. REASONABLENESS OF THE SENTENCE IMPOSED BY THE DISTRICT COURT

### A. Standard of Review

Under *Rita v. United States*, 551 U.S. --, 127 S. Ct. 2456 (2007), and *Gall v. United States*, 552 U.S. –, 128 S. Ct. 586 (2007), we review a district court's sentencing determination for reasonableness under a deferential abuse-of-discretion standard. *Rita*, 127 S. Ct. at 2459; *Gall*, 128 S. Ct. at 591, 597.

### B. Reasonableness of the Sentence

Hollman argues that his sentence is procedurally and substantively unreasonable. Hollman relies upon *United States v. Vonner*, 452 F.3d 560 (6th Cir. 2006), *vacated for rehearing en banc*, Oct. 12, 2006, to argue that the district court did not use language at the sentencing that would allow a reviewing court to understand whether the district court had considered all of the arguments before

3

it and how those arguments affected its determination of Hollman's sentence. Appellant Br. at 14-19. Also, Hollman argues that the district court failed to consider several of the § 3553(a) factors and thus applied a sentence "greater than necessary." Appellant Br. at 19. Hollman argues that his history of drug addiction, bipolar disorder, manic depression, difficulty reading, and low level of education should have been considered by the district court. Appellant Br. at 22-23. Finally, Hollman argues that the district court should have given him a greater downward departure based on his substantial assistance to the government. Appellant Br. at 23.

Under *Gall*, we must ensure that "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." *Gall*, 128 S. Ct. at 597. In addition, after completing this procedural review, we must ensure that the sentence is substantively reasonable based on "the totality of the circumstances." *Id.*

Based on the record, we hold that the district court imposed a procedurally and substantively reasonable sentence in this case. Hollman does not argue, nor does the record indicate, that the district court incorrectly calculated his Guidelines range; also, there is no indication from the record that the district court treated the Guidelines as mandatory. During a lengthy sentencing hearing, the district court considered the pertinent § 3553(a) factors before imposing sentence and did not give unreasonable weight to any particular factor. The district court addressed Hollman's history and characteristics and his drug addiction. Although the district court did not mention Hollman's bipolar disorder and manic depression specifically during the sentencing, Hollman did not raise these issues

4

in his sentencing memorandum or at sentencing; in addition, during the sentencing, the district court noted the results of the mental evaluation it ordered for Hollman. Also, although the district court did not address Hollman's low level of education explicitly during the sentencing, this factor was not raised by his attorney in the sentencing memorandum or at sentencing. In addition, the district court explicitly considered, during the sentencing, how much credit should be given to Hollman for the time that he had already served; the district judge agreed with the government that there would effectively be no punishment for Hollman's parole violation (unrelated to the offense at issue at sentencing) if the judge took into account the thirty-one months Hollman had already served when calculating the sentence.

Finally, the district court explained in detail how it arrived at the three-level § 5K1.1 departure based on Hollman's substantial assistance. Hollman argues that because of the nature of his substantial assistance to the government, the district court should have granted him a ten-level reduction instead of the three-level reduction that was awarded. However, after evaluating Hollman's argument under our authority to review sentences for reasonableness, we cannot say that the district judge's three-level departure was unreasonable given the facts of this particular case. Therefore, under the circumstances of this case, in light of the structure for review set forth in *Gall*, we do not find Hollman's sentence procedurally or substantively unreasonable.

### III. CONCLUSION

Because Hollman failed to demonstrate that his sentence was procedurally or substantively unreasonable, we **AFFIRM** Hollman's sentence.

ALICE M. BATCHELDER, Circuit Judge, concurring. I agree with the lead opinion that Hollman's sentence is both procedurally and substantively reasonable, but I write to highlight one issue. Although the lead opinion does not set forth a standard of review other than abuse of discretion, I would review for plain error the procedural reasonableness of Hollman's sentence. Though the district court provided Hollman with the opportunity to object to any perceived procedural inadequacy, Hollman failed to do so. *See*, *e.g.*, *United States v. Bailey*, 488 F.3d 363, 367-68 (6th Cir. 2007). Moreover, as the lead opinion indicates, Hollman failed to raise arguments concerning his mental health problems and low level of education either in his sentencing memorandum or at the sentencing hearing. He should not now be heard to complain about the district court's failure to address those arguments. Neither *Gall* nor *Rita* undermines our court's precedent of applying the plain error standard of review in the circumstances here.