*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0169p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-1623

DANIEL BRANELL MORRIS,

*Defendant-Appellant.*

>

———————————

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 04-00256—Richard A. Enslen, District Judge.

Argued: April 27, 2006

Decided and Filed: May 19, 2006

Before: MARTIN, GUY, and CLAY, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** Suzanne K. Klein, HOWARD & HOWARD, Kalamazoo, Michigan, for Appellant. Andrew B. Birge, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Scott Graham, HOWARD & HOWARD, Kalamazoo, Michigan, for Appellant. Raymond E. Beckering III, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

GUY, J., delivered the opinion of the court. MARTIN, J. (p. 6), and CLAY, J. (pp. 7-8), delivered separate concurring opinions.

———————————

## OPINION

———————————

RALPH B. GUY, JR., Circuit Judge. Defendant Daniel Morris pleaded guilty to one count of interstate travel in aid of racketeering (18 U.S.C. § 1952(a)(3)(A)), in exchange for the dismissal of the original charge of possession with intent to distribute five grams or more of cocaine base (21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii)). Defendant was sentenced post-*Booker* to a term of 57 months of imprisonment. *United States v. Booker*, 543 U.S. 220 (2005). The only issue on appeal is defendant's challenge to the reasonableness of his sentence. After review of the record, we affirm.

**I.**

On October 8, 2004, defendant purchased crack cocaine in Chicago, Illinois, and traveled with it by bus to Benton Harbor, Michigan. Law enforcement had received a tip about his arrival and met him with a drug detection dog. The dog alerted to his bag, and in it was found an aerosol can with a false bottom that concealed 16.5 grams of crack cocaine. Defendant admitted that he had purchased cocaine in Chicago, but claimed that he had only intended to purchase 6 or 7 grams to use, share, and sell in Michigan. He explained that as he was negotiating with the dealer, a police car approached and the dealer tossed the whole can into defendant's car.

Defendant was initially charged with possession with intent to distribute 5 grams or more of cocaine, an offense punishable by a mandatory *minimum* 5-year term of imprisonment. That charge was dismissed in exchange for defendant's cooperation and his plea of guilty to the interstate travel charge, for which the statutory *maximum* was 5 years. Although defendant's sentencing guideline range was determined to be 57 to 71 months' imprisonment (based on a total offense level of 23 and a criminal history category of III), the plea capped his sentence at 60 months.

Defendant conceded that the sentencing guideline calculations were correct, but urged the district court to sentence him substantially below the bottom of the advisory guideline range. In support of this request, defendant emphasized that he had complied with the conditions of bond; had enrolled in a training program to become an automobile mechanic; and had the support of his parents, his girlfriend, and his church. Characterizing this case as the "wake up call" he needed to get straightened out, defendant argued that a sentence of probation would allow him to complete the training and find work in the field.

At the outset, the district court expressed concern that the defendant's criminal history was underrepresented by the guideline calculation because it did not reflect more than a half dozen arrests for possession of small amounts of marijuana for which charges were dropped or were dismissed "with leave to reinstate." While declining to impose an upward guideline departure on this basis, the district court found it was a relevant consideration in fashioning an appropriate sentence under 18 U.S.C. § 3553(a). After discussing the relevant § 3553(a) factors, the district court sentenced defendant to a term of 57 months' imprisonment. This appeal followed.

**II.**

We review defendant's post-*Booker* sentence for reasonableness. *Booker*, 543 U.S. at 260-61; *United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006). This court has held that this entails consideration "not only [of] the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1110 (2006). As such, a sentence may be unreasonable "when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id.* (footnote omitted).

While no longer bound by the sentencing guidelines, district courts nonetheless must consider the applicable guideline range together with the other statutory factors. *Booker*, 543 U.S. at 245-46; 18 U.S.C. § 3553(a)(4).[1] A sentence that falls within a properly calculated advisory

---

[1] Those other factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the defendant's sentence "to reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed educational or vocational training, medical care, and other correctional treatment in the most

guideline range is credited with a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *see also Webb*, 403 F.3d at 385 n.9 (rejecting argument that within-guideline sentence is *per se* reasonable). This rebuttable presumption does not relieve the district court of the obligation to consider other relevant statutory factors or sufficiently articulate its reasoning so as to permit reasonable appellate review. *Richardson*, 437 F.3d at 554. At the same time, it is not necessary that the district court explicitly reference each of the § 3553(a) factors. *Id.*; *see also Williams*, 436 F.3d at 708 (no "ritual incantation" required).

Review of the sentencing transcript reveals that the district court properly calculated the guideline range, explicitly considered the other relevant sentencing factors, and articulated in an exemplary manner its reasoning in determining the sentence and rejecting defendant's plea for further leniency. The district court stated, in part, as follows:

> That brings me to the final sentencing requirement required by *Booker*, which is to determine whether Section 3553(a) sentencing factors dictate a sentence different from the advisory guideline range. Under *Booker*, as everybody knows, I'm not bound to apply the guidelines, but I must consult the guidelines, which I've done and am doing. I also must consult the factors under 3553(a).

> Section 3553(a) requires me to impose a sentence that considers the history of this defendant criminal history wise, and it's not a good one; reflect the seriousness of the offense, I consider eight drug possessions with intent to deliver serious; promote respect for the law and provide just punishment for the offense. The Court wants to also craft a sentence that affords adequate deterrence to future criminal conduct, and that's what all this case has been about. I think the argument . . . is [that] he deterred by showing evidence that he hasn't used drugs in the last couple of months and because he is enrolled in school and because his parents are supportive. I assumed they were supportive when he got the eight arrests for drugs in the past [but] that did not stop him from committing the crimes. However good the parents were or bad, he still committed eight crimes without question. And if there's eight that I know of, I have to think there probably are 15 or 20, these small quantities of marijuana, small quantities of coke. In other words, he's not been deterred because of his family or any other situation that occurred in Chicago. He made a terrible mistake by coming into Michigan and disclosing what his record in Chicago really was, which I doubt his parents really knew. They were either not aware of what was happening or they were unable to dissuade him from committing crimes involving drugs.

> The most pertinent factor under 3553(a) is that the defendant is a person who has had regular frequent contacts with the criminal justice system involving his possession of controlled substances and importantly has failed to learn from those contacts. He has at best a very sporadic work history. In other words, it appears to be on paper, before this recent admission to the college program, to either be a full-time drug dealer. That is who he is. You have to look at yourself and ask, "Is that what I am? Am I 23 and look like a full-time drug dealer? I look at the report and see one interpretation, which is not necessarily erroneous. Is that . . . how you make your living? You're a drug dealer. . . . You are going to deny that. You are going to say casual use. It didn't have much to do with anything. Nothing dissuades you. You're arrested and stopped by the police, that doesn't stop you. How do we stop you? Anyway, he appears to be a drug dealer or a large scale user of drugs who is

---

effective manner." 18 U.S.C. § 3553(a)(1)-(2); *see also* 18 U.S.C. § 3553(a)(3)-(7) (listing additional factors).

not dissuaded by his previous contacts with the police. . . . I recognize that he has a potential for rehabilitation. I realize he has a supportive family, and I'm happy for both of those events. But I want him to be rehabilitated, and I cannot say that he has been rehabilitated to date. He's been given the opportunities, several of them, and he is engaged in one right now. He also needs some kind of vocational training. He is involved in that by his attendance at Kennedy King in Chicago, but is that as good as a program within the Bureau of Prisons? The Court does not think it is, although the Court is unable to judge Kennedy King. The real question for me is how do I stop him from continued controlled substance violations?

A minor sentence would also send the wrong message to the public, the message that repeated drug violations are not treated as serious offenses by the courts or by the police, and would treat this defendant with undue leniency compared to other drug offenders sentenced under like circumstances. In fact, he came within a hair of being convicted [of] a mandatory minimum five years to a maximum life sentence only because of the superiority of his lawyer and the agreeability of the lawyer for the prosecution did he escape that result.

It's the sentence of the Court that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 57 months, which if I follow the guidelines, is the lower end of the guidelines. I'm not following the guidelines, I'm doing what I think is the right thing to do.

On a positive note, Mr. Morris has a supportive family, high school diploma, and he's made a good adjustment to pretrial supervision.

On the negative side, he has a significant criminal record for a 23-year-old. He has convictions -- I didn't mention this, convictions for trespassing, disobeying a police officer, eight possessions of cannabis and/or crack, a criminal trespass in a motor vehicle, meaning he was inside of somebody else's car apparently attempting to steal it. He has several other arrests for possession of marijuana. He has a history of drug and alcohol abuse. I perceive him to be an immature 23-year-old who has yet to understand the seriousness of his criminal behavior. Previous contacts with the criminal justice system seem to have done nothing to deter him. If he continues with his pattern of criminal behavior, he is going to spend a great deal of time incarcerated in federal or state prisons. He's never served a lengthy prison term.

I believe that a sentence of 57 months is enough to . . . punish Mr. Morris for illegal behavior, protect the community from him, and . . . deter him and others from committing similar acts.

While in custody, Mr. Morris should be able to take advantage of rehabilitative programs, such as vocational training and substance abuse counseling. And in this judgment, I recommend he take the substance abuse mandatory — not mandatory, the so-called 500 hour drug treatment program, which he would get an opportunity to do in the latter part of his sentence. I will make that recommendation.

The district court also expressly considered the defendant's potential for rehabilitation, the fact that he had a supportive family and had made a good adjustment to pretrial supervision, and his need for vocational training and drug treatment. The district court then imposed a sentence at the bottom of the guideline range.

Defendant contends that his sentence was unreasonable "in light of all [the] facts and circumstances" of the case. Specifically, although he had a number of prior arrests for drug

possession, defendant points out that his only prior jail sentence was for 127 days on the charge of criminal trespass of a vehicle. Defendant also emphasizes the positive steps he managed to take in the several months that he was on bond, including entering the training program, complying with the conditions of bond, and securing the support of his church leaders. It is clear, however, that the district court fully considered these facts and circumstances in connection with the § 3553(a) factors and that the sentence imposed is an eminently reasonable one.

**AFFIRMED.**

---

## CONCURRENCE

---

BOYCE F. MARTIN, JR., Circuit Judge, concurring. I concur in the holding that Morris's sentence was reasonable. I write separately to echo the Court's conclusion that the district court conducted an excellent post-*Booker* sentencing hearing. If district courts were to follow Judge Enslen's example in this case, reversals would be exceedingly rare.

---

**CONCURRENCE**

---

CLAY, Circuit Judge, concurring. The majority opinion cites *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), for the proposition that a sentence within the Guidelines range creates a "rebuttable presumption" of reasonableness. While the majority goes on to note that this "rebuttable presumption" does not relieve the district court of its obligation to articulate its sentencing rationale, I believe that the *Williams'* "rebuttable presumption" language is surplusage in light of controlling Sixth Circuit precedent that the district court must consider the § 3553 factors and provide this Court with some indication that it has properly done so. *See United States v. Webb*, 403 F.3d 373, 385 n.8, n.9 (6th Cir. 2005) (requiring the district court to provide a reasoned explanation for its sentence and rejecting the proposition that a sentence within Guidelines ranges is *per se* reasonable). The Guidelines range is only one of a number of factors which § 3553 requires sentencing judges to consider. Without an adequate statement from the sentencing court that it properly considered other relevant § 3553 factors, and not just the Guidelines range, a sentence should not be credited with a "rebuttable presumption" of reasonableness.

The Supreme Court's opinion in *United States v. Booker*, 125 S.Ct. 738 (2005), makes it abundantly clear that the Sentencing Guidelines are just one factor to be included in the district court's sentencing analysis. *See id.* at 764 ("[T]he Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals.") (referencing the § 3553(a) factors). Without § 3553(b)(1), which had made the Guidelines mandatory and which *Booker* excised, district courts are required to consider a series of factors listed in § 3553(a) in arriving at a sentence. The applicable Sentencing Guidelines range constitutes only one of these factors. *See Booker*, 125 S.Ct. at 765 ("[T]he Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed education or vocational training and medical care.") *Booker* also established that appellate courts are to review district court sentences for reasonableness, with an eye toward these same statutory factors. *See id.* at 767 ("The courts of appeals review sentencing decisions for reasonableness.") We have since held that in order to review the reasonableness of a district court's sentencing decision, we must have some articulation from the district court of its underlying rationale for the sentence, and its rationale must include considerations relevant in § 3553. *See United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005) (invalidating a sentence when the district court failed to sufficiently articulate its reasoning); *Webb*, 403 F.3d at 385 n.8, n.9 (requiring district courts to provided a reasoned explanation for a sentence). Any opinion from this Court which would affirm a district court sentence without such a reasoned explanation and articulated basis in § 3553 therefore flies in the face of relevant statutory requirements and controlling Supreme Court and Circuit precedent.

I believe Judge Martin explained the proper place of the *Williams* holding in this Circuit's case law in *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006):

> *Williams* does not mean that a Guidelines sentence will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors. A sentence within the Guidelines carries with it no implication that the district court considered the 3553(a) factors if it is not clear from the record, because, of course, under the Guidelines as mandatory, a district court was not required to consider the section 3553(a) factors. It would be unrealistic to now claim that a Guideline sentence implies consideration of those factors.

Moreover, *Williams* does not mean that a sentence within the Guidelines is reasonable if there is no evidence that the district court followed its statutory mandate to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing in section 3553(a)(2). Nor is it an excuse for an appellate court to abdicate any semblance of meaningful review. Appellate review is more important because the Guidelines are no longer mandatory. Under the mandatory Guideline system, appellate review was not integral to assuring uniformity. Now, with the advisory Guidelines and more sentencing variables, appellate review is all the more important in assuring uniformity and reducing sentencing disparities across the board. *See* S. REP. NO. 98-225, at 151 (1983); *United States v. Mickelson*, []433 F.3d 1050 . . . (8th Cir. January 6, 2006).

Hopefully, future panels of this Court will not attempt to use the "rebuttable presumption" language of *Williams* as semantic leverage simply to avoid the considered appellate review we are duty-bound to perform. It should be remembered that Circuit precedent which antedates *Williams* requires district courts to consider all relevant § 3553 factors and make a record which provides this Court with some indication that such consideration was properly undertaken. *See Jackson*, 408 F.3d 305; *Webb*, 403 F.3d at 385 n.8, n.9.