**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  06a0626n.06**
**Filed:  August 23, 2006**

**Nos. 05-5205, 05-6077**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

      **Plaintiff-Appellee,**                  **ON APPEAL FROM THE**
                                            **UNITED STATES DISTRICT**
v.                                            **COURT FOR THE WESTERN**
                                            **DISTRICT OF TENNESSEE**

**LUCIANA MORRIS,**

      **Defendant-Appellant.**

_____/

**BEFORE:  BOGGS, Chief Judge, and BATCHELDER, Circuit Judge; BELL, District Judge.**[*]

      **PER CURIAM.**  Luciana Morris pleaded guilty to multiple offenses arising from two separate indictments.  The offenses included access device fraud in violation of 18 U.S.C. § 1029(a)(2), conspiracy to commit identity theft and access device fraud in violation of 18 U.S.C. § 371, fraud in connection with identification documents and information in violation of 18 U.S.C. § 1028(a)(7), false oaths and claims in violation of 18 U.S.C. § 152(3), and disclosure and use of a false social security number in violation of 42 U.S.C. § 408(a)(8). The district court sentenced her to 46 months of incarceration and 2 years of supervised release.  Morris appeals.  Because the district court reasonably sentenced Morris, we affirm.

---

      [*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

I.

Following Morris's guilty plea, the probation office prepared a presentence report. The report set Morris's base offense level at 6. The report also recommended a four-level enhancement because the loss involved between $10,000 and $30,000 and a two-level enhancement because the offense involved the unauthorized transfer or use of any means of identification. *See* JA 114; U.S.S.G. §§ 2B1.1(b)(1)(C), 2B1.1(b)(9). Morris's fifteen criminal history points gave her a criminal history category of VI. JA 124. At the sentencing hearing, on January 24, 2005, the government objected to the failure to enhance the sentence based on Morris's leadership role in the scheme. JA 39. After hearing testimony from Morris's co-conspirator, Esha King, the district court sustained the government's objection and enhanced the sentence two levels. The district court then calculated the sentencing range based upon a total offense level of 16 and criminal history category of VI, resulting in a range of 46-57 months in prison.

The district court then permitted Morris to put on evidence regarding mitigating circumstances related to her history and characteristics. Morris presented the testimony of four witnesses, including herself. The witnesses detailed her history of physical and sexual abuse at the hands of family members and others, her current familial obligations, and her efforts, since being arrested, to reform her conduct. Morris's testimony echoed that of the other witnesses with regard to the abuse she endured during childhood, her abusive first marriage, and her present willingness to forsake her criminal past.

Following the testimony from Morris and the other witnesses, the court determined that a sentence within the guideline range was appropriate and reasonable. JA 98. While the court acknowledged Morris's abusive past, it cautioned that her history was not an extraordinary circumstance and had to be weighed along with "all of the other considerations" in the sentencing process, including the seriousness of the offenses, the need to promote respect for the law and provide a just punishment, and the need to deter future criminal conduct. JA 108-09. Weighing these factors, along with her history, genuine remorse, and the prospect for rehabilitation, the court sentenced Morris to 46 months of incarceration. JA 111.

## II.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made the Guidelines advisory. While the Guidelines are advisory, sentencing courts must "consider Guidelines ranges" but also are permitted "to tailor the sentence in light of other statutory concerns as well." *Booker*, 543 U.S. at 245-46. We review Morris's sentence for reasonableness. *United States v. Morris*, 448 F.3d 929, 931 (6th Cir. 2006). This entails consideration of "not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). "As such, a sentence may be unreasonable 'when the district judge fails to "consider" the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply

selects what the judge deems an appropriate sentence without such required consideration.'"

*Morris*, 448 F.3d at 931 (quoting *Webb*, 403 F.3d at 383).

This circuit has held that a sentence that falls within a properly calculated advisory Guideline range is credited with a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). "This rebuttable presumption does not relieve the sentencing court of its obligation to explain to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Hernandez-Fierros*, No. 05-2206, ___ F.3d ___, 2006 WL 1806477, *1 (6th Cir. July 3, 2006) (quoting *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006)). The district court, however, is not required to "recite these [§ 3553(a)] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005).

In this case, Morris argues that the manner in which the district court imposed the sentence was unreasonable because the court failed to adequately consider the § 3553(a) factors and relied solely on the Guidelines. Morris contends that the district court's approach essentially treated the Guidelines as mandatory. A review of the record demonstrates that this argument lacks merit. While the district court made isolated references to the significance and weight given to the Guidelines, the record clearly reveals that, overall, the factors were adequately considered and applied. For example, the court explained that, in light of *Booker*, the Guidelines were advisory and the court "is permitted to tailor its sentence in the light of other statutory concerns." JA 59-60. The court then enumerated many of the

factors listed under § 3553(a) and requested that Morris's proofs be directed to those factors. JA 60. After hearing the proofs, the court stated that it "must consider" the history and characteristics of the defendant. JA 98. The court then indicated that although the testimony regarding Morris's history was credible and tragic, it did not justify a non-Guideline sentence and could not "swallow up all of the other considerations that I have to address in a sentencing process." JA 99. The court then clearly stated that due to the "extremely serious" nature of the offenses, the need to promote respect for the law and provide "just punishment in this case," and "to deter further criminal conduct" a non-Guideline sentence was not appropriate. JA 99-100. The court then weighed these factors, along with Morris's recent law-abiding activity, "genuine remorse," and "chance to lead a crime-free life in the future," to arrive at the sentence imposed at the bottom of the advisory Guideline range. JA 101-02. Finally, the recommendation to the Bureau of Prisons that Morris undergo mental health treatment and be placed in a facility near her hometown clearly indicates that the district court sought to tailor the sentence to Morris's individual needs. *See* 18 U.S.C. § 3553(a)(2)(D).

Viewing the sentencing process in its entirety, it is clear that, despite the occasional stray reference to assigning predominant weight to the Guideline range, the district court considered and gave appropriate weight to the § 3553(a) factors in arriving at the sentence. Moreover, the court sufficiently articulated its reasoning for selecting a sentence at the lowest end of the advisory Guideline range, rather than a non-Guideline sentence. *Williams*, 436 F.3d at 709. Morris has failed to offer any reason why the presumption created by the district

court's sentence within the Guideline range should not apply in this case. Accordingly, we conclude that both the sentence and the manner in which it was imposed were reasonable.

Morris next argues that the district court failed to understand that it had the authority within the advisory Guidelines scheme to grant a downward departure from the recommended Guidelines range based upon the mitigating evidence presented during the sentencing hearing. "[W]e have 'consistently held that the decision by a district court not to depart downwards from the Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure.'" *United States v. Puckett*, 422 F.3d 340, 344 (6th Cir. 2005) (quoting *United States v. Stewart*, 306 F.3d 295, 329 (6th Cir. 2002)); *see also United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006) (applying *Puckett* post-*Booker*). In this case, the district court was aware of its discretion to depart downwards but determined that Morris's circumstances did not justify a departure within the Guideline scheme. After hearing the testimony from Morris and the other witnesses, the district court determined that while it was credible and tragic, it "does not rise to the level that would permit me to render a non-guideline sentence in this case." JA 100. While this phrase might be ambiguous as to whether the judge is addressing only the advisory nature of the Guidelines, the court went on to say, after considering Morris's recent good behavior and genuine remorse, that this evidence was "not sufficient to support the Court's opinion of a non-guideline sentence or a downward departure." JA 102. Thus, the district court clearly recognized its discretion to depart downward from the applicable guideline range but determined that the facts of the case did

not support such a departure. Morris's only support for her argument is based on a misunderstanding of the district court's statement that it could not conclude that her situation was not an "extraordinary circumstance" justifying departure. JA 99. Read in context, the district court's comment is not a failure to recognize its discretion to depart downwards, as Morris would have it, rather, it is a recognition of the fact that numerous defendants sentenced by the court have similar tragic personal histories and that Morris's circumstances did not rise to the level required to justify a downward departure. JA 99-100. Because the district court recognized its discretion to grant a downward departure, the refusal to do so is unreviewable on appeal. *Puckett*, 422 F.3d at 346; *United States v. May*, 399 F.3d 817, 827-28 (6th Cir. 2005).

## III.

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.