NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0720n.06
Filed: October 4, 2006

No. 05-4039

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **DAMON DEVEAUX**, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:** **COOK and McKEAGUE, Circuit Judges; and WILHOIT, District Judge.**[*]

**McKEAGUE, Circuit Judge.** Defendant-appellant Damon Deveaux appeals the judgment of sentence imposed after he was convicted of heroin trafficking for the third time. For the reasons that follow, we affirm the district court.

## I. BACKGROUND

Prior to the offense in this case, defendant was arrested on July 3, 1984, for distribution and possession of heroin, and conspiracy to possess with intent to distribute. He was sentenced to 4 to 6 years in prison, and was paroled in early 1986. His parole was revoked in 1988. He was released from prison on January 1, 1990, and finally released from parole on October 10, 1990. Then, in

---

[*] Honorable Henry R. Wilhoit, Jr., Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

1995, he was convicted of conspiracy to possess heroin with intent to distribute, and sentenced to 30 months' imprisonment.

In this case, defendant acted as a retail-level seller in a heroin distribution scheme from 2002 to 2004. On March 18, 2005, he pled guilty to conspiracy to distribute more than 100 grams of heroin, and conspiracy to possess more than 100 grams of heroin with intent to distribute, in violation of 18 U.S.C. §§ 841(a), 846.

At sentencing, the district court viewed and applied the United States Sentencing Guidelines (the "Guidelines") as advisory. Defendant's original base offense level in this case was calculated to be 26, because the offense involved more than 100 grams of heroin. U.S.S.G. § 2D1.1(c)(7). Pursuant to the parties' signed plea agreement, the offense level was increased two points because defendant's oversight of his brother, also a retailer in the scheme, qualified him as a "supervisor" under U.S.S.G. § 3B1.1(c). Because of defendant's 1984 and 1995 convictions for controlled substance offenses, his offense level was increased to 37 under the career offender guideline. *Id.* § 4B1.1(a), (b)(A); 21 U.S.C. § 841(b)(1)(B)(viii). Defendant received a three-point decrease for his acceptance of responsibility, also pursuant to the plea agreement. U.S.S.G. § 3E1.1(a), (b).

The district court granted the government's motion for a two-point downward departure under U.S.S.G. § 5K1.1, due to defendant's cooperation with the government's investigation of other offenders. Accordingly, the final offense level was determined to be 32. Defendant's history as a career offender put him in criminal history category VI. *Id.* § 4B1.1(b). The resulting Guidelines range was 210 to 262 months. *Id.* § 5A tbl.2.

At sentencing, defendant argued that he should not be classified as a career offender because the corresponding Guidelines range was "much more than necessary" to punish his conduct, and

argued that the statutory ten-year minimum for the offense provided in 21 U.S.C. § 841(b)(1)(B)(viii) would be sufficient "to really obtain the purposes of sentencing."    Sentencing Transcript 6.  The district court rejected this argument.  Recognizing that the Guidelines are now advisory, the court considered the Guidelines range and the other sentencing factors in 18 U.S.C. § 3553(a).  Based on these considerations, the court sentenced defendant to 180 months' incarceration, followed by 8 years of supervised release, finding that "a sentence in excess of that would probably go beyond that which is necessary to meet those sentencing goals."  Sentencing Transcript 21-22.

## II.  ANALYSIS

### A.  Classification as a Career Offender

Defendant first argues that his classification as a career offender under the Guidelines was improper.  This court reviews the underlying findings of fact in a district court's sentencing calculations for clear error; the district court's conclusions of law, however, are reviewed de novo. *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006).

The Guidelines provide that a defendant is a career offender if he "was at least eighteen years old at the time . . . [of] the instant offense," the instant offense is a violent crime or "controlled substance offense," and he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  Only the third requirement is in dispute here.  That the two prior convictions under discussion are felony controlled substance offenses is mutually agreed, but defendant argues that the 1984 conviction is too old to count toward career offender status.

The term "two prior felony convictions" is defined in § 4B1.2, which provides, in relevant part, that "the sentences for at least two of the aforementioned felony convictions [must be] counted separately under the provisions of § 4A1.1(a), (b), or (c)." *Id.* §§ 4B1.2(c), 4B1.1 Application Notes. Section 4A1.2 explains the counting of convictions under § 4B1.1:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

*Id.* § 4A1.2(e)(1).

In this case, the sentence for defendant's 1984 offense was 4 to 6 years, and was imposed in 1984, more than fifteen years before the 2002 commencement of the offense in this case. Because defendant violated his parole in the 1984 offense and was returned to prison, however, he was still incarcerated for that offense until January 1, 1990, which was during the fifteen-year period before the commencement of the heroin distribution offenses in this case. Thus, the district court properly counted the 1984 offense towards defendant's classification as a career offender under § 4B1.1(a).

Defendant argues that his 1984 heroin conviction should not count based on U.S.S.G. § 4A1.2(e)(2). However, this paragraph does not apply to defendant. The first paragraph of 4A1.2(e), quoted above, governs the counting of "[a]ny prior sentence of imprisonment exceeding one year and one month." Defendant's sentence in the 1984 offense, as well as the 1995 offense, exceeded one year and one month. The second paragraph of that section, which defendant relies on, provides, "*Any other* prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." *Id.* § 4A1.2(e)(2) (emphasis added). Because defendant's 4-to-6-

year sentence in the 1984 offense was properly counted under § 4A1.2(e)(1), it is not an "other" sentence under § 4A1.2(e)(2).

Defendant further argues that the 1984 offense may have been committed before he was eighteen, because the 1984 conviction was under the now-repealed federal Youth Corrections Act (the "Act"). Offenses committed prior to age eighteen are not counted for career offender sentencing unless the defendant was "convicted as an adult." U.S.S.G. § 4A1.2(d)(1). The Act provided that "'youth offender' means a person under the age of twenty-two years at the time of conviction." Law of Mar. 15, 1976, Pub. L. No. 94-233, 90 Stat. 219, 231 (repealed Oct. 12, 1984). That the 1984 conviction was under the Act therefore does not indicate that defendant was younger than eighteen at the time. The district court properly found, based on the probation officer's testimony, to which the defendant did not object, that defendant was over eighteen at the time of the offense.

Thus, defendant's 1984 and 1995 offenses were properly counted under the Guidelines. He therefore "has at least two prior felony convictions of . . . a controlled substance offense" and is a career offender under U.S.S.G. § 4B1.1(a).[1]

---

[1]Defendant alternatively argues that even if he technically qualified as a career offender, he should not have been so designated, because career offender designation overrepresented his criminal history. It was not clear below when he first made the argument, nor is it now on appeal, whether he sought a downward departure under the Guidelines, or a variance under 18 U.S.C. § 3553(a). The court considers the argument under its reasonableness review in the next section.

As for a request for downward departure, it is clear that this court will "not review decisions of a district court not to depart downward 'unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure.'" *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) (quoting *United States v. Stewart*, 306 F.3d 295, 329 (6th Cir. 2002)). The district court clearly was aware of its discretion to depart downward, given that it granted the government's motion for a downward departure for defendant's substantial assistance to authorities.

## B. Reasonableness of Sentence

This court examines a district court's sentence to determine "whether [the] sentence is unreasonable." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (quoting *United States v. Booker*, 543 U.S. 220, 262-63 (2005)). This review is both substantive, examining "the length of the sentence," and also procedural, requiring that the district court consider the factors in 18 U.S.C. § 3553(a), including the advisory Guidelines range. *Id.*

> The sentencing factors are:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [by the Guidelines] . . .
> (5) any pertinent policy statement . . . by the Sentencing Commission . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

At sentencing, the district court expressly recognized that it was "called upon to consider" the § 3553(a) factors, including the Guidelines. The court listed the relevant factors almost verbatim,

---

Accordingly, defendant has not established any grounds for this court to review his rejected request as a downward departure.

and then stated that "the Court will consider all of these factors." Sentencing Transcript 18-19. The court gave defense counsel, defendant, and the government opportunities to present any arguments regarding the sentencing factors. Defense counsel discussed vocational training and correctional treatment, and both defense counsel and the government addressed adequate deterrence and the protection of the public.

Following the parties' arguments, and "[a]fter considerable thought," the court explained that what caused it "the most concern in this case" was "[w]hat kind of a sentence will finally put an end to Mr. Deveaux's heroin dealing" and "protect the public," and the need to avoid a sentence "greater than necessary to accomplish that purpose." Sentencing Transcript 21. In light of these considerations, the court noted that defendant

> has been a heroin dealer all his life, and prior sentences have apparently not been sufficient to deter him from returning to this criminal activity. He's appeared before the Court, he has been sentenced, he's often violated his parole or supervised release, he's gone back, and he's reoffended. He's committed the same kinds of offenses over and over again. He's a career criminal, and he's a career heroin dealer.

*Id.* Having examined these issues, the court settled on a sentence of 180 months, a 30-month variance from the low end of the Guidelines range, finding that "a sentence in excess of that would probably go beyond that which is necessary to meet those sentencing goals." *Id.*

"'There is no requirement that the district court . . . engage in ritualistic incantation of the § 3553 sentencing factors it considers,' as long as the district court supplies a rationale sufficiently detailed . . . to reflect the court's considerations . . . ." *United States v. Worley*, 453 F.3d 706, 709 (6th Cir. 2006) (quoting *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005)). In particular, the district court must "consider[] . . the *relevant* statutory factors." *United States v. Carr*, 421 F.3d

425, 429 (6th Cir. 2005) (emphasis added) (quoting *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999)). In this case, though not required to, the district court *did* recite the § 3553(a) sentencing factors, as well as explain which factors it was examining as particularly relevant, and in light of what facts. The court's consideration of the sentencing factors and explanation of the basis of the sentence are sufficient. The sentence was therefore procedurally reasonable.

Defendant also argues that his sentence was greater than necessary and unreasonable, and that his Guidelines range resulted in "an overstatement of [his] criminal history." Appellant's Brief at 13, 18. All of these contentions invoke the substantive aspect of this court's standard of review. A sentence fails substantive "reasonableness" review where it is "greater than necessary to comply with the purposes set forth in [§ 3553(a)(2)]." *United States v. Yopp*, 453 F.3d 770, 774 (6th Cir. 2006) (quoting 18 U.S.C. § 3553(a)) (internal quotations omitted) (alteration in original).

All four factors in § 3553(a)(2) were enumerated by the district court at sentencing: just punishment and respect for the law, adequate deterrence, protection of the public, and vocational training and correctional treatment. As the district court noted, defendant has been selling heroin for at least thirty years whenever he is not incarcerated. He has received prison sentences for selling heroin before, and was sent back to prison after the revocation of parole following his first heroin offense in 1984.

In view of defendant's history of offenses and failure to respond appropriately to previous punishment, the district court correctly determined that effective deterrence of defendant, protection of the public, and the need for rehabilitation were relevant factors justifying a sentence longer than the statutory minimum for which defendant argued. Taking care to avoid a sentence "greater than

necessary," the court imposed a sentence 15% below the low end of the Guidelines range. The

resulting sentence was substantively reasonable.

### III. CONCLUSION

Accordingly, defendant's sentence is **AFFIRMED**.