**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0800n.06
Filed: November 14, 2007

**No. 07-5025**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Juan Carlos Arias-Arrazola, | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**Before: KEITH and ROGERS, Circuit Judges; and ALDRICH, District Judge.**[*]

**ROGERS, Circuit Judge.** Juan Carlos Arias-Arrazola pled guilty to illegally re-entering the United States after deportation, in violation of 8 U.S.C. § 1326(a), and he was subsequently sentenced to 42 months in prison followed by three years of supervised release. Arias-Arrazola now appeals the sentence imposed by the district court on two grounds: (1) that his sentence was unreasonable, and (2) that the district court violated his Sixth Amendment rights by increasing his sentence above the statutory maximum on the basis of previous drug trafficking convictions that

---

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

were not proven to a jury. Because both claims are without merit, defendant-appellant's sentence is affirmed.

Arias-Arrazola was arrested in Madison County, Tennessee, on June 12, 2005, and charged with aggravated assault, resisting arrest, and domestic violence. While he was in state custody, the Tennessee Attorney General's Office notified the Memphis Office of Immigration and Customs Enforcement ("ICE") that it believed Arias-Arrazola to be an undocumented alien. Following an investigation, ICE discovered that Arias-Arrazola is a native and citizen of Honduras who was first deported from the United States in 1994 after having been detained by the United States Border Patrol in California. ICE also found that he had been deported on three separate occasions after his initial deportation in 1994, and that he had been convicted of delivering a controlled substance on two different occasions in Oregon in 1996.

As a result of the investigation conducted by ICE, a federal grand jury sitting in the Western District of Tennessee indicted Arias-Arrazola on one count of reentry of a deported alien whose removal was subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(2), (b)(2). After the indictment was returned on May 16, 2006, a federal arrest warrant was promptly issued, and Arias-Arrazola was arrested on May 17, 2006. His initial appearance occurred on May 19, 2006, and he pled guilty on September 21, 2006.

At the sentencing hearing on December 27, 2006, the district court correctly calculated that Arias-Arrazola had an offense level of 17 and a criminal history category of IV. His offense level

was based on an initial level of eight for the offense at hand, and an enhancement of 12 levels pursuant to U.S.S.G § 2L1.2(b)(1)(B) because the district court found that he had previously been convicted of a felony drug trafficking offense. After determining the Sentencing Guidelines offense level, the district court heard testimony from Arias-Arrazola's wife, who described the emotional and financial burdens that had been placed on their family as a result of her husband's arrest. Following Mrs. Arias-Arrazola's testimony, the defense counsel requested a sentence of 18 months. The defendant's lawyer also made the argument that Arias-Arrazola's Sentencing Guidelines offense level should be reduced by four levels in order to erase the sentencing disparities between fast-track jurisdictions, which allow for a four-level downward departure from the Guidelines if the defendant agrees to place his case on a fast track by entering a plea agreement and waiving certain rights, and non-fast-track jurisdictions. The prosecution then briefly addressed the court, after which the court heard from the defendant, who gave a brief apology.

After having heard from both the defense and prosecution, the district court announced its sentencing decision. The court began by explaining that the Sentencing Guidelines are only advisory and that they are only one of several factors that it had to consider. Several of those factors were addressed explicitly. First, the district court discussed the nature and circumstances of the offense, which it found to be "a serious matter." The district court then reviewed the defendant's "serious criminal history" by going over each of the defendant's prior convictions. Next, the district court commented on the need to consider alternative sentences, such as a fine, house arrest, or probation. The district court noted that it was apparent that no alternative to prison would be sufficient, and it

added that "[d]eportation doesn't even punish this defendant because he comes back." The district court then addressed its concerns about the impact on the defendant's family, indicating that although it understood the defendant's desire to be with his children, it ultimately had little sympathy for the defendant because the unfortunate circumstances facing the family were caused by the defendant's decision to re-enter the United States illegally and have children with an American citizen. Finally, the district court noted that it had to "consider what sentence will sufficiently deter others." After finding that "a sentence of imprisonment is required to deter others in similar situations who continue to violate the law and to return," the district court concluded by sentencing Arias-Arrazola to a term of 42 months in prison, which was near the middle of the Guidelines range, and three years of supervised release. The district court explained that its decision to sentence Arias-Arrazola in the middle of the Guidelines range was based on his extensive criminal history and the fact that his criminal history score was in the middle of the criminal history range.

Contrary to defendant's first argument, his sentence was reasonable. First, the sentence was procedurally reasonable. Satisfying the procedural reasonableness requirement "does not depend on a district court's engaging in a rote listing or some other ritualistic incantation of the relevant § 3553(a) factors." *United States v. Dexta*, 470 F.3d 612, 615 (6th Cir. 2006) (citing *United States v. Collington*, 461 F.3d 805, 809(6th Cir. 2006). Instead, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). The district court in this case provided an extensive and detailed explanation of its

decision that demonstrates that it gave serious consideration to the § 3553(a) factors. In explaining its reasons for the sentence, the district court discussed the applicable Guidelines range, the nature and circumstances of the offense, the defendant's criminal history, the defendant's personal circumstances and the impact of imprisonment upon his family, the seriousness of the offense, the available alternative sentences, and the need for the sentence to provide deterrence to others. That discussion is more than enough to allow for reasonable appellate review, and it demonstrates that the judge considered the appellant's arguments and had a reasoned basis for selecting the defendant's sentence.

This case is similar to *United States v. Morris*, 448 F.3d 929 (6th Cir. 2006). In that case, the district judge provided an explanation akin to the explanation provided in this case by discussing the applicable Guidelines range, the defendant's criminal history, the seriousness of the offense, the need to afford adequate deterrence to future criminal conduct, the defendant's family situation, and the defendant's need for drug rehabilitation. *Id.* at 932-933. The district court's articulation of its reasoning was "exemplary." *Id.* at 932. If anything, the district court's explanation in this case may be even better than the one in *Morris* because it discussed alternative sentences, which were not addressed in *Morris*.

Arias-Arrazola claims that "the sentence imposed in this case was procedurally unreasonable because the district court implicitly emphasized one factor under § 3553(a), [i.e.,] the Guideline range, more heavily than it did any other factor." Specifically, he appears to be arguing that the judge failed to consider the relevant factors from § 3553(a) because he relied on Arias-Arrazola's

criminal history to the exclusion of the other § 3553(a) factors, such as the impact that the sentence would have on Arias-Arrazola's family and the need to avoid the disparity between defendants in fast-track jurisdictions and those in non-fast-track jurisdictions. Whether or not this claim is one of substantive or procedural reasonableness, *cf. United States v. Brown*, __ F.3d __, No. 06-2249, 2007 WL 2471248 (6th Cir. Sept. 4, 2007), the argument does not hold water. The record clearly indicates that the district court considered all of the relevant § 3553(a) factors and did not rely on one factor to the exclusion of the others. Even if the district court considered Arias-Arrazola's criminal history to be the most important factor, that does not render the sentence procedurally unreasonable. The statute says that the factors must all be considered, not that they must be considered with equal weight. Furthermore, this court has made it clear that it is acceptable for a district judge to consider one factor to be more important than the others. *See Morris*, 448 F.3d at 932-33. Finally, the district court's failure to address the fast-track disparity issue does not make the sentence procedurally unreasonable because § 3553(a)(6) only requires the sentencing court to consider the need to avoid unwarranted disparities. As this court has previously held, the fast-track disparity is not unwarranted. *See United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006). Therefore, the sentence imposed in this case was procedurally reasonable.

Arias-Arrazola's sentence is also substantively reasonable. A sentence may be substantively unreasonable "when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." *Brown*, 2007 WL 2471248, at *2. A rebuttable presumption of

reasonableness applies to sentences falling within the applicable Guidelines range. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). The sentence in this case was not selected arbitrarily, it was not based on impermissible factors, the district court did not fail to consider pertinent § 3553(a) factors, and the district court did not give an unreasonable amount of weight to any pertinent factor. Arias-Arrazola argues that his sentence does not satisfy substantive reasonableness because "it [is] longer than necessary to comply with the mandates of § 3553(a)." But, as we have held, the "mere allegation that the sentence imposed is greater than necessary to achieve the goals of punishment outlined in § 3553(a) is insufficient to rebut the presumption of reasonableness." *Dexta*, 470 F.3d at 616.

The defendant-appellant's final argument is that the district court violated his Sixth Amendment rights by using the fact of previous felony drug trafficking convictions to enhance his sentence when the fact of those convictions had not been proven to a jury. The appellant correctly concedes that the law is against his position on this issue. *See James v. United States*, __ U.S. __, 127 S. Ct. 1586, 1600 n.8 (2007); *United States v. Lancaster*, __ F.3d __, No. 06-5668, 2007 WL 2457448 (6th Cir. Aug. 31, 2007).

For the foregoing reasons, Arias-Arrazola's sentence is AFFIRMED.