**UNITED STATES of America,**
**Petitioner–Appellee,**

v.

**Jermaine V. MARTIN, Defendant–**
**Appellant.**

**No. 06–5620.**

United States Court of Appeals,
Sixth Circuit.

Dec. 22, 2009.

Before: BOGGS, COOK, Circuit Judges, and COLLIER, District Judge.*

* The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

COOK, Circuit Judge.

A jury found defendant Jermaine Martin, a previously-convicted felon, guilty of possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court sentenced him to 235 months in prison. Martin appeals, arguing that his sentence was both procedurally and substantively unreasonable, despite falling within the prescribed sentencing guidelines, and that the minor nature of his crime warrants a downward departure. We disagree, and accordingly affirm the district court's sentencing determination.

## I.

While attempting to apprehend Martin for other reasons, Lexington police arrested him for possessing a firearm as a convicted felon. Following a jury conviction, the Presentence Report assigned Martin an adjusted offense level of 33 as an armed career criminal and a criminal history category of VI, resulting in a Guidelines range from 235 to 293 months. The district court sentenced him to 235 months in prison and ordered that his sentence run concurrently with his undischarged state sentences. Martin voiced no objections during the sentencing hearing. On appeal, however, he questions the reasonableness of his within-Guidelines sentence and argues that his circumstances merit a downward departure to the mandatory statutory minimum sentence of 180 months.

## II.

█ As a preliminary matter, Martin incorrectly characterizes his claim as involving a request for a downward departure. In *United States v. Grams,* we explained that although both departure and variance claims request outside-Guidelines sentencing, a departure results from the district court's application of a particular Guidelines provision, while a variance results from the district court's weighing of 18 U.S.C. § 3553(a) factors. *United States v. Grams,* 566 F.3d 683, 686–87 (6th Cir. 2009). Because Martin's argument focuses exclusively on § 3553(a) factors, he presents a downward variance claim for our review, and therefore we review his sentence for procedural and substantive reasonableness. *See, e.g., United States v. Presley,* 547 F.3d 625 (6th Cir.2008) (reviewing grant of a downward variance for reasonableness); *United States v. Deveaux,* 198 Fed.Appx. 480, 483 n. 1, 484 (6th Cir.2006) (distinguishing failure to vary downward from failure to depart and reviewing variance claim for reasonableness).

█ Martin criticizes the district court's failure to consider "significant factors" when declining to vary downward from the guidelines range, suggesting that he challenges the procedural reasonableness of his sentence. But because Martin did not object to his sentence when imposed, we review the district court's sentencing procedure for plain error affecting substantial rights. *United States v. Vonner,* 516 F.3d 382, 391–92 (6th Cir.) (en banc), *cert. denied,* —— U.S. ——, 129 S.Ct. 68, 172 L.Ed.2d 26 (2008). In the § 3553(a) analysis context, the district court commits plain error only if it fails to consider a factor and its failure stems from "complete ignorance of that factor." *United States v. Houston,* 529 F.3d 743, 751–52 (6th Cir. 2008) (quoting *United States v. Simmons,* 501 F.3d 620, 625 (6th Cir.2007)). Martin's sentencing transcript reflects that the district court considered all § 3553(a) factors; indeed Martin does not argue to the contrary. Instead he claims only that the sentencing court accorded greater weight to some factors than to others, a practice well within the court's broad discretion. *See United States v. Morris,* 448 F.3d 929, 932–34 (6th Cir.2006). Thus, finding no plain error, we reject Martin's procedural reasonableness challenge.

Martin alternatively challenges his sentence's substantive reasonableness, a claim we review for abuse of discretion, regardless of whether the petitioner raised it below. *Vonner*, 516 F.3d at 389. Sentences, like Martin's, that fall within the Guidelines range enjoy a rebuttable presumption of substantive reasonableness. *Id.*

Martin argues that the district court abused its discretion by failing to give adequate weight to his positive attributes, making his sentence substantively unreasonable. We cannot agree because the court referenced all § 3553(a) factors, focusing its attention on both mitigating and aggravating factors that it found most relevant. *See United States v. Duane*, 533 F.3d 441, 452 (6th Cir.2008). Specifically, the court found that Martin's history of recidivism and the court's charge to protect the public warranted a within-Guidelines sentence. In selecting the appropriate sentence, Martin's positive attributes figured prominently—Martin's drug-free lifestyle and compliance with authorities during apprehension moved the court to sentence at the low end of the range. Before this court, Martin "merely rehashes these factors and asserts that the court should have balanced them differently," and thus fails to demonstrate an abuse of discretion, *see United States v. Clay*, 320 Fed.Appx. 384, 392 (6th Cir.2009), particularly in view of the district court's nuanced application of § 3553(a) factors. Moreover, though Martin contends that the application of 18 U.S.C. § 924(e)(1) and the Sentencing Guidelines yielded an unreasonable sentence, he offers no evidence to distinguish his case from the "mine run of cases" in which an armed career criminal convicted of firearm possession receives a within-Guidelines sentence. *United States v. Mayberry*, 540 F.3d 506, 519 (6th Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)). As a result, he fails to overcome the presumption of reasonableness afforded his sentence, and we hold that the district court did not abuse its discretion.

## III.

For these reasons, we affirm.