NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0340n.06

No. 23-5896

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 01, 2024
KELLY L. STEPHENS, Clerk

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| JEREMY SHAW, | ) | |
|     Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: STRANCH, BUSH, and MUPRHY, Circuit Judges.

JOHN K. BUSH, Circuit Judge.  Jeremy Shaw pleaded guilty to conspiracy to distribute five or more grams of methamphetamine. The presentence report concluded that Shaw was responsible for approximately 7 kilograms of methamphetamine based on statements he made during a police interview.  Shaw now argues that the sentence was procedurally and substantively unreasonable.  It was not, and we affirm.

I.

In March 2022, police observed Shaw exit a residence known to host drug-related activity. Officers pulled him over after he ran a stop sign.  While patting Shaw down, they found almost 125 grams of methamphetamine in his pockets.  Shaw gave a *Mirandized* confession three days later, admitting to police that he had been selling methamphetamine—at a rate of four ounces every other day—since November 2021. *See Miranda v. Arizona*, 384 U.S. 436 (1966).  He then pleaded

guilty to conspiracy to distribute at least five grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.

Accounting for the amount of methamphetamine that Shaw confessed to trafficking and that was discovered during his arrest, the probation officer concluded in Shaw's presentence report that he was responsible for 7.03 kilograms of methamphetamine, resulting in a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1). Shaw received a three-point offense-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). With a criminal history category of II, Shaw's Guidelines range was 188 to 235 months. *See* U.S.S.G. Ch. 5, Pt. A.

The probation officer also determined that Shaw met the new requirements for a two-point "safety-valve" reduction. There are two relevant safety-valve provisions: the statutory safety-valve provision under 18 U.S.C. § 3553(f), and the Guidelines safety-valve provision under U.S.S.G. §§ 5C1.2(a) and 2D1.1(b)(18). Prior to Shaw's sentencing, the First Step Act of 2018 had made it easier to qualify for safety-valve relief. *See* First Step Act of 2018, Pub. L. No. 115-391, § 402(a)(1)(A)(ii), 132 Stat. 5194, 5221 (amending § 3553(f)(1)). It was those updated criteria that the probation officer determined Shaw met. However, the relevant Guidelines provisions had not yet been amended, so there was no Guidelines mechanism by which to reduce Shaw's base-offense level. The probation officer instead recommended that the district court grant a two-level downward variance, which would bring his offense level to 33, resulting in a Guidelines range of 151 to 188 months.

At sentencing, the Court agreed to vary downward and gave Shaw a sentence within the corresponding Guidelines range after taking into account the two-level downward variance: 160

months.[1] Shaw's counsel asked for a further downward variance, to 120 months, because Shaw had confessed. If Shaw had not admitted to selling methamphetamine, and had been held responsible only for the amount on his person during arrest and his Guidelines range would have been 63 to 78 months. Counsel also asserted that similar defendants—including those who had not accepted responsibility—received sentences lower than Shaw's. The district court declined to reduce Shaw's sentence further, explaining that the safety-valve variance "alleviate[d]" any concerns regarding "unfairness and transparency in sentencing[.]" R.55, PageID 456–57.

## II.

## A.

Shaw first challenges the procedural reasonableness of his sentence based on the district court's failure to adequately consider the 18 U.S.C. § 3553(a) factors. Usually, we review the procedural reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). Where, as here, the defendant fails to object at sentencing, we review for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). It is true that Shaw requested a downward variance based on the § 3553(a) factors. But he did not argue that the district court's explanation of his sentence was insufficient. *See id.* at 384–85. Plain error review is therefore appropriate, and Shaw must show that the district court committed a clear and obvious

---

[1] Shaw and the government disagree on what his Guidelines range is. At sentencing, the district court acknowledged that "because [Shaw] is eligible for the safety valve, his [G]uideline range is . . . 151 to 188 months[.]" In its first Statement of Reasons, the district court listed Shaw's Guidelines range as 188 to 235 months, which accounts for a three-point base level reduction for acceptance of responsibility. In an Amended Statement of Reasons issued the same day, the district court listed his Guidelines range as 151 to 188 months, accounting for the downward variance the probation office recommended to account for the safety valve. The first, higher range was correct because the district court reached the lower range through a discretionary outside-the-Guidelines *variance*. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 586–87 (6th Cir. 2009).

error that he did not waive below, that affected his substantial rights, and that "had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *United States v. Tobias*, 101 F.4th 473, 480 (6th Cir. 2024) (citations and internal quotation marks omitted); *Vonner*, 516 F.3d at 386.

Shaw's sentence is procedurally reasonable. Section 3553(a) requires that the district court consider various factors. But the district court need not "explicitly reference each of the § 3553(a) factors" when it sets forth its reasoning. *United States v. Morris*, 448 F.3d 929, 932 (6th Cir. 2006). It must provide "enough [reasons] to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019) (explaining the district court need only address "each relevant factor"). Even a "brief" explanation can be "legally sufficient." *Rita*, 551 U.S. at 358.

The district court did enough here. Shaw points out that the district court failed to reference every factor set forth in § 3553(a). Specifically, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6). But the district court's statements indicated that it had considered those facts. The district court acknowledged that it "must" consider "the sentencing goals stated in 18 U.S.C. Section 3553(a)." R.55, PageID 451. And the district court explained that Shaw had "broken faith with his fellow citizens and violated the law" and "brought pain and turmoil into the lives of people that are close to [him]." *Id.* at PageID 460. It also specifically contemplated why a defendant, like

Shaw, who was honest with police regarding his drug activity would be punished more harshly than a defendant who committed the same crimes but did not confess to police. After hearing from Shaw's counsel, the district court concluded that the safety valve "alleviates a lot of [its] concerns." *Id.* at PageID 456–57. The district court therefore did not procedurally error in issuing Shaw's sentence.

B.

Shaw next argues that his sentence is substantively unreasonable, meaning that it is too long. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Wells*, 55 F.4th 1086, 1093 (6th Cir. 2022). Shaw's 160-month sentence was below the Guidelines range, so we presume that it is substantively reasonable.[2] *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015). He can rebut this presumption by showing that the "district court chose [his] sentence arbitrarily, ignored pertinent § 3553(a) factors, or gave unreasonable weight to any single factor." *United States v. Gardner*, 32 F.4th 504, 530 (6th Cir. 2022). He shoulders an especially "heavy burden" because his sentence falls below the Guidelines range. *United States v. Nunley*, 29 F.4th 824, 834 (6th Cir. 2022) (quoting *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013)).

Shaw cannot overcome this high bar. His below-Guidelines sentence reflected that he sold, as his counsel put it, "a lot of drugs," R.55, PageID 453–54, but also that he exhibited a strong employment history, suffers from a drug addiction, and was honest with police. It also reflects the district court's determination that Shaw would have qualified for a two-point offense-level

---

[2] Even if the district court's Amended Statement of Reasons correctly stated that Shaw's Guidelines range after accounting for the safety-valve downward variance was 151 to 188 months, his sentence would still be presumptively reasonable because it is within that range. *See United States v. Gardner*, 32 F.4th 504, 530 (6th Cir. 2022) (citation omitted).

reduction had U.S.S.G. § 5C1.2 been amended to reflect the updated criteria established by the First Step Act of 2018.

Shaw believes the fact and timing of his confession warrant a lower sentence. He is wrong on both fronts. True, if he had not confessed to trafficking methamphetamine since November 2021, then he might not have been held responsible for such a high quantity of drugs. And it is of course admirable that Shaw was forthcoming with police. But because the district court did not abuse its discretion in sentencing Shaw based on conduct he admitted to during a police interview. Moreover, the district court apparently credited Shaw for his honesty after questioning the potentially lengthier sentences imposed on those who confess their crimes and sentencing Shaw below the Guidelines range.

The timing of Shaw's confession does not matter, either. He urges that his sentence is unreasonable when compared to those imposed on defendants who confess in safety-valve debriefings because their statements cannot be used to enhance their sentences. *See* 18 U.S.C. § 3553(f). It is understandable that Shaw now regrets the timing of his confession. But Congress's decision to limit a defendant's ability to provide information without fear of an enhanced sentence to safety-valve debriefings does not make Shaw's sentence unreasonable. *See id.* It instead reflects a judgment by Congress to encourage individuals to "truly cooperate" with the federal government. *United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001) (citation omitted); *see also United States v. Perez-Vasquez*, 570 F.3d 692, 696 (6th Cir. 2009) (observing that sentencing disparities arising from "fast-track" Guidelines reductions—which provide a four-level downward departure to defendants who make an early guilty plea in some districts—are "specifically authorized by statute" and therefore do "not run counter to § 3553(a)'s instruction to avoid unnecessary sentencing disparities" (quoting *United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir.

6

2006))). The district court heard Shaw's arguments, took them into account, and granted a below-Guidelines sentence. The disparities Shaw points to are either the result of the law as Congress wrote it, or can be explained by the facts specific to Shaw's conviction. Shaw thus fails rebut the presumption that his sentence was substantively reasonable.

III.

For the reasons set forth above, we affirm the judgment of the district court.